### MADDOX BROS. & ANDERSON v. J. A. COVINGTON ET AL.

#### No. 224.

**1. Jurisdiction of Supreme Court.**

The Legislature did not exceed its power in limiting the jurisdiction of the Supreme Court.... .. ............................................. 458

**2. Same—Construction of Constitution.**

Article 1011 of "Act to organize the Supreme Court," approved April 13, 1892, and section 5 of the corresponding act to organize the Courts of Civil Appeals, approved on same day, which seek to fix the jurisdiction of this Court, are not in conflict with the provisions of the amended section 3 of article 5 of the Constitution, which relate to that jurisdiction............ 459

**3. Same—Same—Restrictions and Regulations.**

The words in said section 3, article 5 of the Constitution, declaring the jurisdiction, "its appellate jurisdiction shall extend to questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction," do not negative the exercise by the Legislature of the power indicated in the latter part of said section, prescribing that such jurisdiction shall be exercised "under such restrictions and regulations as the Legislature may prescribe."    Jurisdiction over all questions of law does not necessarily mean over every case in which a question of law is involved.    Besides, restrictions imply limitations................................. .............. 459

**4. Mandamus.**

Mandamus will not lie to compel a Court of Civil Appeals to file conclusions of facts and of law in a boundary case affirmed by such court............ 459

ORIGINAL APPLICATION for mandamus against Court of Civil Appeals for Second District.

The opinion gives a sufficient statement of the case.

*R. H. Ward* and *J. W. Maddox,* for application.—If the jurisdiction of the Court of Civil Appeals was not final herein, then it was its duty to file conclusions of law and fact, and it was the right of applicants that said court should do so. Upon that proposition there can be no controversy.

The Constitution, section 3, article 5, as amended in 1891, declares, that the appellate jurisdiction of this court "shall extend to questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction." The Court of Civil Appeals had, under the Constitution, appellate jurisdiction of this cause; therefore the Supreme Court has appellate jurisdiction of this case upon the question of law involved; and the jurisdiction of the Court of Civil Appeals is not final.

This proposition is manifest, unless the expression, "under such restrictions and regulations as the Legislature may prescribe," empowers the Legislature to deny the jurisdiction conferred by the Constitution. And we think it can not be seriously contended that the language of the Constitution was intended to confer such power; for had such been the intention, the language would have expressly conferred the power, as in the following instances:

"Section 5, article 5: The Court of Criminal Appeals shall have appellate jurisdiction  *  *  *  in all criminal cases of whatever grade, with such exceptions  *  *  *  as may be prescribed by law."

Here the Legislature is expressly authorized to make exceptions to the jurisdiction conferred by the Constitution.

"Section 8, article 5:  *  *  *  The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners' Court, with such exceptions  *  *  *  as may be prescribed by law; and shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law."

The Legislature is here expressly empowered to make exceptions to the jurisdiction conferred; and also to enlarge the jurisdiction by extending it beyond those cases enumerated in the Constitution.

"Section 22, article 5: The Legislature shall have power, by local or general law, to increase, diminish, or change the civil and criminal jurisdiction of County Courts."

Here the power is unmistakably conferred to increase, diminish, or change the jurisdiction.

But no such power is conferred in article 5, sections 3 and 6, of the Constitution.

Section 6, article 5, declares, the appellate jurisdiction of the Courts of Civil Appeals shall be  *  *  *  "coextensive with the limits of their respective districts, which shall extend to all civil cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law."

Can it be seriously contended, that the intention was to empower the Legislature to deny appellate jurisdiction to the Courts of Civil Appeals, in any case, within their respective districts, of which the District or County Courts have original or appellate jurisdiction? If the language used empowers the Legislature to deny jurisdiction in any such particular case, then why does not the same language empower the Legislature to deny the jurisdiction in the respective districts, and limit it to less than the entire district? We submit that neither the one nor the other was intended, but that the intention was that the jurisdiction should be exercised in all such cases, and in the entire district.

Section 3, article 5, declares, that the appellate jurisdiction of the Supreme Court  *  *  *  "shall be coextensive with the limits of the State. Its appellate jurisdiction shall extend to questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction, under such restrictions and regulations as the Legislature may prescribe."

This section, like section 6, confers appellate jurisdiction within a stated and definite area—the one coextensive with the limits of the State, the other coextensive with the limits of the respective districts; and these provisions alike confer appellate jurisdiction in a definite class of cases—the one "shall extend to questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction;" the other "shall extend to all civil cases of which the District Courts or the County Courts have original or appellate jurisdiction." And in each the same identical power is conferred upon the Legislature. So that the reasoning which applies to the one also applies with equal force to the other.

The question is, does the language of the Constitution confer express power upon the Legislature to deny the jurisdiction conferred by the Constitution? For, as held in Ex Parte Whitlow, 59 Texas, 274, without such express authority as is given in section 22, article 5, the Legislature has no power to take from or add to the jurisdiction conferred upon these courts by the Constitution.

Section 42, article 3, requires the Legislature to pass "such laws as may be necessary to carry into effect the provisions of the Constitution." And section 4, article 5, provides, that "until otherwise provided by law," that is, until the Legislature has passed such laws as are necessary to carry into effect the entire provision declaring the jurisdiction of the Supreme Court, "the appellate jurisdiction shall

extend to questions of law, arising in the cases in the Courts of Civil Appeals in which the judges of any Court of Civil Appeals may disagree, or where the several Courts of Civil Appeals may hold differently on the same questions of law, or where a statute of the State is held void." Thus, in advance of statutory provisions, making the Constitution self-executing as to these three classes of important cases.

The Constitution, in providing that the appellate jurisdiction of the Court of Civil Appeals shall extend, both as to law and facts, to all civil cases of which the District or County Courts have original or appellate jurisdiction, and that the appellate jurisdiction of the Supreme Court shall extend to questions of law in such cases, confers a definite and certain jurisdiction, to be exercised to the full extent conferred; but "under such restrictions and regulations as may be prescribed by law." The power conferred upon the Legislature by this expression is not to change, diminish, or increase the jurisdiction conferred, but to restrict and regulate the exercise thereof.

Article 1011a restricts the exercise of the Supreme Court jurisdiction where it provides, that "all cases shall be carried up to the Supreme Court by writs of error * * * upon final judgment, and not on judgments reversing and remanding causes, except in the following cases, to wit:" naming eight classes of important cases which may be carried to the Supreme Court when no final judgment has been rendered by the Court of Civil Appeals. And, mark you, this statutory restriction does not deprive the Supreme Court of jurisdiction in causes that are reversed and remanded, but restricts the exercise thereof only until such time as the Court of Civil Appeals shall render a final judgment, when the Supreme Court may exercise the jurisdiction conferred by the Constitution.

And article 1011b regulates the exercise of the Supreme Court jurisdiction by providing with particularity what shall be done by one who desires to sue out a writ of error.

We submit that the intent and meaning of sections 3 and 6, article 5, is, that the jurisdiction there conferred shall be exercised without change, diminution, or increase, but that it shall be exercised "under such restrictions and regulations as may be prescribed by law." It is not that the jurisdiction may be denied, but that the exercise thereof may be restricted and regulated. Had it been intended that the Supreme Court should not exercise the entire jurisdiction conferred upon it by the Constitution, the Legislature would have been empowered to make exceptions, as in sections 5 and 8, article 5, or would have been expressly empowered to change, increase, or diminish the jurisdiction, as in section 22, article 5.

And it can not be contended that the Supreme Court has not appellate jurisdiction in this cause, upon the ground that a boundary case is strictly a fact case; for this is untenable, it being well settled, as

held in Bolton v. Lann, 16 Texas, 112, that "what are boundaries is matter of law; where they are is matter of fact." And in this cause plaintiffs presented ten assignments of error, all of which are questions of law only.

If the Legislature may deprive the Supreme Court of appellate jurisdiction in a boundary case, it may do so in any other case; and there is no limit to which the Legislature may not deny the jurisdiction conferred upon this court; for there is no jurisdiction conferred by the Constitution which the Legislature may not take away.

It is true that this court in more than one case has held that it has no jurisdiction in a boundary case; still, it must be borne in mind that the constitutionality of chapters 14 and 15 was not raised, called in question, nor considered by the Supreme Court in such cases. Const. 1891, art. 5, secs. 3, 5, 6, 8, 22; Ex Parte Whitlow, 59 Texas, 274; Laws 1892, chap. 15, sec. 5, p. 26; Laws 1892, chap. 14, arts. 1011a, 1011b, p. 20.

GAINES, Chief Justice.—This is a petition for a writ of mandamus to compel the Court of Civil Appeals of the Second Supreme Judicial District to file their conclusions of fact and law in a certain cause in that court in which the judgment was affirmed on appeal. It is admitted in the petition that it is a boundary case; but it is contended that article 1011 of the "Act to organize the Supreme Court," approved April 13, 1892, and section 5 of the corresponding act to organize the Courts of Civil Appeals, approved on the same day, which seek to fix the jurisdiction of this court, are in conflict with the provisions of amended section 3 of article 5 of the Constitution which relate to that jurisdiction. To the proposition that there is a conflict we can not assent. The provisions under consideration are as follows: "The Supreme Court shall have appellate jurisdiction only, except as herein specified, which shall be coextensive with the limits of the State. Its appellate jurisdiction shall extend to questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction, under such restrictions and regulations as the Legislature may prescribe. Until otherwise provided by law, the appellate jurisdiction of the Supreme Court shall extend to questions of law arising in cases in the Courts of Civil Appeals in which the judges of any Court of Civil Appeals may disagree, or where the several Courts of Civil Appeals may hold differently on the same question of law, or where a statute of the State is held void." The argument is, in substance, that the words, "its appellate jurisdiction shall extend to questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction," gives unlimited jurisdiction to the Supreme Court over questions of law in all cases determined in the Court of Civil Appeals, and that by the subsequent clause in the same sentence it was not intended

to confer power upon the Legislature to limit that jurisdiction, but merely to authorize it to regulate its exercise. In our opinion neither position is tenable. In the first place, to say that the jurisdiction of a court extends to questions of law, does not necessarily mean that it extends to every case in which a question of law may be involved; nor do we think it was intended by the provision in question to express such an intention. In the second place, it seems to us that counsel disregard the distinction between the restriction of the jurisdiction of a court and its regulation. To restrict the jurisdiction of a court means to limit, and we are of opinion that the latter clause should be construed as if it had read, "under such limitations and regulations as the Legislature may prescribe."

If there were any reasonable doubt as to this construction, it is removed by the subsequent provision, which declares, in effect, that until otherwise provided the jurisdiction of the court shall extend to certain classes of cases only. If it was intended in the first place to confer jurisdiction upon the Supreme Court over all cases involving questions of law arising in the Courts of Civil Appeals, and to deny to the Legislature the power to limit it, why was it provided in next succeeding sentence, that until the Legislature should act that jurisdiction should be limited to certain classes of cases, which are of comparatively rare occurrence? Assuming the hypothesis to be true, no sufficient answer can be given to this question.

We are of opinion, that the Legislature did not exceed its power in limiting the jurisdiction of this court, and that therefore the judgment of the Court of Civil Appeals, in the case in which we are asked to compel them to file their conclusions of law and fact, is final. The writ of mandamus is accordingly refused.

*Application refused.*

Delivered January 28, 1895.