LE BAUME et al. v. NORTHERN TEXAS TRACTION CO.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 6, 1912.)

1. APPEAL AND ERROR (§ 71*) — APPELLATE JURISDICTION — FINALITY OF DETERMINATION.

Under Rev. St. 1895, art. 2989, as amended by Acts 30th Leg. c. 107, § 2, and by Acts 31st Leg. (1st Ex. Sess.) c. 34, which authorizes an appeal from an order granting, refusing, or dissolving an injunction, but not from an order refusing to dissolve an injunction, an order of a court, determining an appeal bond for an appeal from a justice's court sufficient and denying the dissolution of an injunction to restrain a sale under execution of the judgment of the justice, is not a final judgment, and no appeal therefrom may be taken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 386–401; Dec. Dig. § 71.*]

2. APPEAL AND ERROR (§ 65*)—APPELLATE JURISDICTION—AMOUNT INVOLVED.

Under Rev. St. 1895, art. 996, which provides, that, in cases where a county court has appellate jurisdiction only, no appeal from its judgment can be prosecuted, save when the judgment or amount in controversy shall exceed $100, an appeal cannot be taken from a judgment of such court, in an action appealed from a justice of the peace, where the amount claimed is but $95.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 315–328; Dec. Dig. § 65.*]

Appeal from Tarrant County Court; C. T. Prewett, Judge.

Petition by the Northern Texas Traction Company for an injunction against G. E. Le Baume and others. From an order of the county court refusing to dissolve the injunction, defendants appeal. Dismissed.

Crenshaw & Boykin, for appellants. Capps, Cantey, Hanger & Short, for appellee.

CONNER, C. J. The record in this case shows that appellant Le Baume, on October 12, 1906, in a justice's court of Tarrant county, recovered a judgment against appellee for the sum of $95; that appellee gave notice of appeal, and within the time required by law gave an appeal bond, which was duly approved and, together with a transcript of the proceedings in the justice's court, filed in the county court of Tarrant county for civil cases; that afterwards appellant Le Baume applied for and caused to be issued from said justice's court an execution, which was levied upon certain property of appellee; that thereafter, on March 7, 1911, the appellee presented to the judge of said county court its petition, setting up the facts stated, and, averring that its appeal was yet pending in said county court, prayed for an injunction restraining the sale under the execution from the justice's court. The injunction was granted on March 7, 1911. On April 28, 1911, appellant presented a verified answer, urging certain general and special exceptions to the petition, and particularly to the form and sufficiency of the appeal bond hereinbefore mentioned, and denied that appellant had any meritorious defense to the judgment, and prayed that the injunction might be dismissed. Afterwards, on April 28, 1911, the court being in regular session, the prayer to dissolve the injunction was overruled, and judgment duly entered, perpetuating the injunction. The appeal herein prosecuted is from the judgment last mentioned.

[1] It seems quite clear to us that the appeal must be dismissed. It is clear from the record that the county court did not pass upon the merits of the cause of action presented by appellant, and that the appeal now prosecuted is only from the judgment refusing to dissolve the injunction. Article 2989, Revised Statutes 1895, as amended by chapter 107, p. 206, § 2, Acts 30th Legislature, and by chapter 34, p. 354, Acts of the 31st Legislature (1st Ex. Sess.), authorizes appeal from an order granting, refusing, or dissolving an injunction, but not from an order or judgment refusing to dissolve an injunction theretofore granted. See Bledsoe v. United Brothers of Friendship and Sisters of Mysterious Ten, 131 S. W. 256. The orders of the court, determining the sufficiency of the appeal bond and denying the dissolution prayed for, were but interlocutory, and could be reviewed only upon an appeal from a judgment disposing of the entire controversy; it being well settled that there can be but one final judgment, from which alone, save in instances not here pertinent, an appeal may be prosecuted.

[2] Moreover, if by any possibility we could be mistaken in the construction of the record, and that it could be said that the judgment appealed from was the final judgment, then the amount in controversy is but $95; that being the total amount of appellant Le Baume's claim. In cases where, as here, the county court has appellate jurisdiction only, no appeal from its judgments can be prosecuted, save when the judgment or amount in controversy shall exceed $100, exclusive of interest and costs. See Revised Statutes, art. 996.

We conclude that the appeal must be dismissed, and it is so ordered.

———

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes