# OCTOBER, 1922

---

International & Great Northern Railway Company v. W. T. Lyon.

No. 3102.    Decided October 4, 1922.

(243 S. W., 973.)

Jurisdiction on Appeal—Amount in Controversy.

On appeal from a judgment of the County Court in a case commenced in Justice Court, the action, as disclosed by the original citation, was for $100, damages for neligently killing plaintiff's horse of the value of $100. It sought no recovery of interest from the date of the injury, which would be recoverable as damages, not as interest, and the judgment of the County Court, as well as that of the Justice Court, was for $100, with interest from the date of the judgment. *Held* that the amount in controversy did not exceed $100, exclusive of interest (Rev. Stats., art. 1589, subdivision 3) and the appeal from County Court was properly dismissed for want of jurisdiction. Pecos & N. T. Ry. Co. v. Rayzor, 106 Texas, 544; Ft. Worth & R. G. Ry. Co. v. Mathews, 108 Texas, 228; Hooper Lumber Co. v. Texas Fixture Co., 111 Texas, 168, followed. (pp. 30-33).

Question certified from the Court of Civil Appeals for the Eighth District, in an appeal from the County Court of Leon County.

The Court of Civil Appeals having dismissed defendant's appeal (200 S. W., 228) on application for rehearing certified the question involved to the Supreme Court; and that court referred the question to the Commission of Appeals, Section B for an opinion. This, being adopted by the Supreme Court as its opinion, was thereupon certified to the Court of Civil Appeals. There the motion for rehearing was accordingly overruled (244 S. W., 668).

*Dashiell & Dashiell for appellant.*

*William Watson* for appellee.

No briefs reached the reporter.

Mr. Judge POWELL, delivered the opinion of the Commission of Appeals, Section B.

On August 7, 1915, W. T. Lyon filed in the Justice's Court of Precinct No. 8, in Leon County, Texas, suit against the I. & G. N. Ry. Company. His demand was evidenced only by a citation reading as follows:

"The plaintiff's demand being for the sum of One Hundred Dollars ($100) damages. Plaintiff alleges that on the 8th day of November, A. D. 1913, he was the owner of one horse of the value of $100.

that, the defendant on the day and date last aforesaid was engaged in running and propelling cars, for the conveyance of freight and ·passengers over the railroad owned by them, and running through Justice Precinct No. 8, Leon County, Texas, and while so .engaged, by their servants or agents so carelessly and negligently conducted, managed and propelled said cars that by such carelessness and negligence, said cars run against, knocked down and ran over said horse, within the corporate limits of the town of Buffalo, that said engines and cars were being propelled and run at the rate of about 35 miles per hour through said town of Buffalo, that defendants' said agents and servants by the· exercise of diligence and ordinary care could have seen said horse on defendants' said railway track at a distance of not less than 80 rods. And thereby wounded, lacerated and injured said horse so that he the said horse thereafter in consequence and by reason of said injuries, died, to plaintiff's damage in the sum of $100. Wherefore he prays judgment for his damages, costs of suit and for general relief.''

In due course, judgment was rendered in that court in Lyon's favor for $100 with interest from date of judgment and court costs.

The Railway Company then appealed to the County Court of Leon County, Texas, where a judgment was likewise entered upon the same pleading in favor of Lyon for $100 with interest at 6% from *its date* and costs of court.

Appellant then attempted to carry the case to the court of Civil Appeals. Upon motion of appellee, the latter court, sitting at El Paso, rendered judgment dismissing the cause for want of jurisdiction.

Upon motion for rehearing, the Court of Civil Appeals certified to the Supreme Court the following question: ''Did we err in holding that this court has no jurisdiction of the appeal and in dismissing the same?''

The Honorable Court of Civil Appeals for the 8th District, ·in dismissing the appeal, stated that, in doing so, it relied largely upon the opinion of the Supreme Court of Texas in the case of Ft. Worth & .R. G. Ry. Co. v. Mathews, 108 Texas, 228, 191 S. W., 559. However, having itself rendered· a contrary opinion in its former case of Ft. Worth & R. G. Ry. Co. v. Albin, 185 S. W., 647, it decided to certify aforesaid question.

Sub-division 3 of article 1589, Vernon's Sayles' Revised Civil Statutes of Texas of 1914, applicable to the question at issue, provides that the Courts of. Civil Appeals have appellate jurisdiction of all civil cases within their respective districts ''of which the county court has appellate jurisdiction, when the judgment, or amount in controversy, or the judgment rendered, shall exceed One Hundred Dollars ($100) exclusive of interest and costs.''

It is quite clear that ''the judgment rendered'' is not within the jurisdiction of the Court of Civil Appeals, as that court states. The

judgment was for $100 with legal interest from its date and costs of court.

The only theory upon which it could possibly be held 'that the Court of Civil Appeals has jurisdiction of this case would be that the "amount in controversy" exceeded $100. The case was tried in both of the lower courts upon the citation heretofore set out by us. A careful examination thereof shows that neither in its general allegations nor its prayer is there any request for interest between the date of the accident and the judgment of the court. On the other hand, throughout the pleading, it is clearly indicated that no such interest was being sought. Naturally, no judgment therefor was rendered. In fact, there is no prayer for interest after the date of the judgment. The total damage was repeatedly alleged at 100.

In this state of the pleading, it cannot be held that the item of interest between the date of the accident and the judgment was in controversy. This suit was upon an unliquidated demand grounded in tort and interest was not recoverable *eo nomine,* but only as damages. Before such interest is recoverable, it must be sued for. This was not done in the case at bar, as already shown.

Lyon had a perfect right to omit to sue for this item of interest and not thereby place such item in controversy. If he wanted to waive this interest for several years, we see no ground for complaint upon the part of the Railway Company.

Since neither the amount in controversy nor the judgment rendered exceeded $100, as provided by the statute, we do not think the Court of Civil Appeals had jurisdiction to entertain this appeal and that it properly dismissed the same.

We believe our views as heretofore expressed are conclusively sustained by two very recent decisions of our Supreme Court, as follows: Pecos & N. T. Ry. Co. v. Rayzor, 106 Texas, 544, 172 S. W., 1103; Ft. Worth & R. G. Ry. Co., v. Mathews, 108 Texas, 228, 191 S. W., 559. In the latter case, Justice YANTIS speaks as follows:

"It is not a case where interest is recoverable *eo nomine,* but if recoverable at all it is only recoverable as an item of damage. This item was not sued for, and was, therefore, not in controversy. A litigant may, at his election, omit to sue for any item which is due him (San Antonio & Aransas Pass Railway Co. v. Addison, 96 Texas, 64, 70 S. W., 200), and not thereby place such item in controversy, unless it is necessarily involved as a part of some other item of damage that has been placed in controversy. Pecos & Northern Texas Railway Co. v. Rayzor, 106 Texas, 544."

The rule laid down in the case of Railway Co. v. Matthews, *supra,* was expressly re-affirmed by Justice GREENWOOD for our Supreme Court in an opinion rendered by him a little more than one year ago in the case of Hooper Lumber Co. v. Texas Fixture Company, 111 Texas, 168, 230 S. W., 141.

We conclude that the question certified should be answered in the negative. We so recommend.

BY THE SUPREME COURT

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton, Chief Justice.*