# OCTOBER, 1926.

## ALLEN SEALE V. CLAUDE MCCALLUM ET AL.

### No. 7258.   Decided October 6, 1926.

### (287 S. W., 45).

**1.—Contested Primary Election—Appeal—Jurisdiction.**

The judgment of the District Court on a contest of the result of a primary election for candidate for the office of Sheriff being made final by statute (Rev. Stats., 1925, Art. 3152), no appeal lies therefrom to the Court of Civil Appeals.   (Pp. 662, 663).

**2.—Same—Constitutional Law—Restricting Right of Appeal.**

The jurisdiction of the Court of Civil Appeals over "all civil cases of which the district courts or county courts have original or appellate jurisdiction," as conferred by the Constitution, Art. 5, Sec. 6, is thereby made subject to "such restrictions and regulations as may be prescribed by law." It is within the constitutional powers of the Legislature to limit the right of appeal in any such cases, as here (Rev. Stats., 1925, Art. 3152), by making final the judgment of the District Court in a contested primary election for the selection of a party candidate for the county office of Sheriff. (Pp. 663-667).

Original application by Seale to the Supreme Court for writ of mandamus.   Motion for leave to file same is denied.

*A. C. Allen* and *Adams & Harrell,* for relator, cited:   Constitution, Art. 5, Sec. 8; Constitution, Art. 5, Sec. 6; Amendment of 1892; Constitution, Art. 3, Sec. 56; Constitution, Art. 1, Sec. 19; Ex Parte Towles, 48 Texas, 413; Gibson v. Templeton, 62 Texas, 555; Williamson v. Lane, 52 Texas, 335; Ex Parte Whitlow, 59 Texas, 373; Brown v. Wheelock, 75 Texas, 386; Cunningham v. Robison, 104 Texas, 228.

Where the right of appeal is guaranteed by the Constitution, the Legislature is powerless to take it away, though, independently of the Constitution and statute thereunder, the right would not exist.   Board of Land Commissioners v. Reily, Dallam, 381; Bradley v. McCrabb, Dallam, 506; Teas v. Robinson, 11 Texas, 774; Doty v. Moore, 16 Texas, 591; Ferris v. Streeper, 59 Texas, 312; Eppstein v. Holmes, 64 Texas, 560, and cases cited; Edwards v. Martin, 92 Texas, 152; G., C. & S. F. Ry. v. Blankenbeckler, 35 S. W., 331; 13 Texas Civ. App., 249; Hudson v. Smith, 103 S. W., 408; Powdrill v. Powdrill, 124 S. W., 472; Crosby v. Boles, 79 Texas, 138.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This proceeding is an original one for mandamus, brought by Allen Seale against the Honorable Claude M. McCallum, District Judge, the Justices of the Court of Civil Appeals for the Fifth

District, and certain other parties, including Schuyler B. Marshall, Jr. Seale and Marshall were candidates for nomination to the office of Sheriff of Dallas County at the recent Democratic primary election. The party authorities declared Seale the nominee, whereupon Marshall contested the primary election in the One Hundred and First District Court of Dallas County, of which Claude M. McCallum is the Judge. After a trial in that court, Marshall was declared the nominee, and judgment accordingly entered. To this judgment Seale excepted, and gave notice of appeal to the Court of Civil Appeals for the Fifth District. The district judge entered the notice of appeal, but declined to set the amount of the supersedeas bond. The relator here applied for relief to the Court of Civil Appeals for the Fifth District, at Dallas, by asking for a writ of mandamus against the district judge, requiring him to fix the amount of the supersedeas bond. The Court of Civil Appeals denied this relief, on the ground that it did not have appellate jurisdiction of the cause, and that the judgment of the District Court, under the statute, was final. The prayer here is for a writ of mandamus directed to the Justices of the Court of Civil Appeals at Dallas, directing them to proceed with the hearing and determination of the relator's appeal to that court from the decree of the District Court, and also for a writ commanding the Judge of the One Hundred and First District Court to fix the amount of the supersedeas bond. Prayer is also made for a writ of injunction against Schuyler B. Marshall and other parties, consistent with the objects of the appeal, and to preserve, as it were, the subject matter of the litigation.

The election contest was instituted and tried under the provisions of Revised Statutes (1925), Art. 3152, which, while providing for a contest of primary elections, declared that the decision of the District Court or judge trying the contest should be "final as to all district, county, precinct, or municipal officers." The plain purpose of the clause quoted was to deny appellate jurisdiction to the Courts of Civil Appeals over contested elections of the character here involved.

Other questions have been ably discussed in the briefs filed in this proceeding, but the only one necessary to be considered by us is whether or not the Legislature had the constitutional power to prescribe the limitation above named on the right of appeal.

That a contested election case is one cognizable by the District Court is not now debatable. This is expressly provided for in Sec. 8, Art. 5, of the Constitution. It is therefore unnecessary for us to discuss the more or less confusing question as to

whether it is a suit proper or a special proceeding. The case here involved was one over which the District Court had jurisdiction, and the Legislature could have provided for an appeal from the decision of the trial court; but, as we have just seen, it has not done so. In declaring that the decision of the District Court should be final, and therefore that no appeal lies, we think the Legislature was within its constitutional power.

Sec. 6, of Art. 5, of the Constitution, in defining the jurisdiction of Courts of Civil Appeals, declares:

"Said Courts of Civil Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all civil cases of which the district courts or county courts have original or appellate jurisdiction under such restrictions and regulations as may be prescribed by law. Provided, that the decisions of said court shall be conclusive on all questions of fact brought before them on appeal or error."

It will be noted that while the Constitution has generally conferred appellate power on Courts of Civil Appeals over all civil cases of which the district courts or county courts have original or appellate jurisdiction, yet the exercise of this power is "under such restrictions and regulations as may be prescribed by law."

The jurisdiction of the Supreme Court, as set forth in Sec. 3, of Art. 5, uses the same language of limitation. Under that section the appellate jurisdiction of the Supreme Court is made to extend to questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction, "under such restrictions and regulations as the Legislature may prescribe." The meaning of this phrase was before the Supreme Court in the case of Maddox Bros. & Anderson v. Covington, 87 Texas, 454, 458, 29 S. W., 465. The insistence was there made that the legislative Act denying the jurisdiction of the Supreme Court in a boundary case was unconstitutional. This court, in an opinion by Chief Justice Gaines, held that the limitation made by the Legislature was within the constitutional power of that department, and held that the language used, which is the same as that used in that section dealing with the jurisdiction of Courts of Civil Appeals, was sufficient warrant to authorize the Legislature to limit the right of appeal. In part, Chief Justice Gaines said:

"The provisions under consideration are as follows: 'The Supreme Court shall have appellate jurisdiction only, except as herein specified, which shall be co-extensive with the limits of the State. Its appellate jurisdiction shall extend to questions of law arising in cases of which the Courts of Civil Appeals

have appellate jurisdiction, under such restrictions and regulations as the Legislature may prescribe. Until otherwise provided by law, the appellate jurisdiction of the Supreme Court shall extend to questions of law arising in cases in the Courts of Civil Appeals in which the Judges of any Court of Civil Appeals may disagree, or where the several Courts of Civil Appeals may hold differently on the same question of law, or where a statute of the State is held void.' The argument is, in substance, that the words, 'its appellate jurisdiction shall extend to questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction,' gives unlimited jurisdiction to the Supreme Court over questions of law in all cases determined in the Court of Civil Appeals, and that by the subsequent clause in the same sentence it was not intended to confer power upon the Legislature to limit that jurisdiction, but merely to authorize it to regulate its exercise. In our opinion neither position is tenable. In the first place, to say that the jurisdiction of a court extends to questions of law, does not necessarily mean that it extends to every case in which a question of law may be involved; nor do we think it was intended by the provision in question to express such an intention. In the second place, it seems to us that counsel disregard the distinction between the restriction of the jurisdiction of a court and its regulation. To restrict the jurisdiction of a court means to limit, and we are of opinion that the latter clause should be construed as if it had read, 'under such limitations and regulations as the Legislature may prescribe.' "

The court in that case concluded that the Legislature "did not exceed its power in limiting the jurisdiction of this court, and that therefore the judgment of the Court of Civil Appeals in the case in which we are asked to compel them to file their findings of fact and conclusions of law is final."

The conclusion that the language we have previously quoted, "under such restrictions and regulations as the Legislature may prescribe," means under "such limitations and regulations" as that body may enjoin, was adhered to by this court in the case of San Antonio & Aransas Pass Ry. Co. v. Blair, 108 Texas, 434, 439, 196 S. W., 502, 1153.

Since this court has held that the use of this language in that section of the Constitution dealing with the jurisdiction of the Supreme Court is sufficient to warrant the exercise by the Legislature of the power to limit the jurisdiction of the Supreme Court to certain cases, we think it logically follows that the use of the same language in that section of the Constitution

dealing with the jurisdiction of the Courts of Civil Appeals must be given the same meaning, and that therefore the Legislature had the power to deny jurisdiction to Courts of Civil Appeals over contested election cases of the character defined by the statute, and of the kind here involved. This conclusion is supported by other legislation and the opinions of other courts thereon.

The appellate jurisdiction of the Courts of Civil Appeals as to county courts is limited by the terms of Art. 1819, Vernon's Annotated Statutes, to those cases where the amount in controversy shall exceed $100, exclusive of interest and costs. This article of the statute was enacted in 1895, and has repeatedly been before the Courts of Civil Appeals of this State, and these courts have as repeatedly held that they had no jurisdiction of an appeal from the county court where the amount in controversy did not exceed $100, exclusive of interest and costs. Ray v. S. A. & A. P. Ry. Co., 18 Texas Civ. App., 665, 45 S. W., 479; Green v. Warren, 18 Texas Civ. App., 543, 45 S. W., 608; Tucker v. Taylor, 104 S. W., 1069; Le Baume v. Northern Texas Traction Co., 143 S. W., 301, and many other cases cited in the notes under Art. 1819, Vernon's Anno. Texas Statutes.

This court, while not passing directly upon the constitutionality of the statute, has recognized and acted thereon. In the case of International & G. N. Ry. Co. v. Lyon, 112 Texas, 30, 32, 243 S. W., 973, the primary question involved was whether or not the amount there in litigation exceeded $100. Judge Powell, of the Commission of Appeals, writing an opinion on certified questions, adopted by this court, declared: "Since neither the amount in controversy nor the judgment rendered exceeded $100, as provided by statute, we do not think the Court of Civil Appeals had jurisdiction to entertain this appeal, and that it properly dismissed the same." See also Rust v. Texas & P. Ry. Co., 107 Texas, 385, 180 S. W., 95.

The statute limiting the jurisdiction of the Courts of Civil Appeals in county court cases was enacted in 1895, shortly after our present judicial system was erected, and has since continuously been the law. The various limitations placed upon the jurisdiction of the Supreme Court by the statute were enacted both before and since that time. Vernon's Anno. Texas Stats., Arts. 1819, 1821, 1728. These several acts of limitation on the right of appeal have either not been questioned during more than thirty years' time, or, when questioned, have been sustained by the courts. See generally the elaborate notes under Arts. 1728 and 1821, Vernon's Anno. Texas Stats. We must

conclude, therefore, that the principle is fixed that the Legislature has the power to limit the right of appeal, and that the statute declaring that the judgment of the court shall be final in a primary election contest for a county office, in so far as here involved, is valid.

The validity of this statute in this respect was, to say the least, inferentially recognized by this court in the case of Hammond v. Ashe, 103 Texas, 503, 131 S. W., 539.

Since the judgment of the District Court of Dallas, here involved, is made final by statute, it follows that the Court of Civil Appeals and the District Judge have no duty to perform with reference to an appeal, and that the writs prayed for ought not to issue against any of the parties involved.

The motion for leave to file the application for mandamus is accordingly overruled.