COMBINED INSURANCE COMPANY OF
AMERICA, Appellant,

v.

James Leroy KENNEDY, Appellee.

No. 4622.

Court of Civil Appeals of Texas,
Eastland.

May 11, 1973.

Rehearing Denied June 1, 1973.

William F. Baker, Pope, Dickenson, Batjer & Glandon, Abilene, for appellant.

Jack G. Willingham, Hamlin, for appellee.

RALEIGH BROWN, Justice.

Appealed from the 104th Judicial District Court of Jones County.

James Leroy Kennedy sued the Combined Insurance Company of America for benefits under an injury and sickness insurance policy. Kennedy had received under the policy disability payments since February of 1966, as a result of an injury to his back. Combined Insurance terminated payments to Kennedy December 30, 1970. Kennedy contends in this suit that he was entitled to recover $210.00 per

month from December 30, 1970, until trial for disability resulting from the injury to his back occurring on February 3, 1966, plus penalty and attorneys' fees. Combined Insurance maintained Kennedy having received disability payments since February of 1966, had been fully compensated for his injury pursuant to the provisions of the policy. It contended Kennedy's present medical complaints were the result of infirmities, other than the injury and not covered by the policy. Jury findings to special issues resulted in a judgment for Kennedy. Combined Insurance appeals.

■ Combined Insurance contends the court was in error in admitting the opinion testimony of Dr. Hawkins. He testified his diagnosis of Kennedy's medical problem and his evaluation of that problem were based on his personal knowledge and examination. Additionally he testified he considered an X-ray report of X-rays taken by persons other than himself and a report of a consulting physician to whom he had referred Kennedy. Neither report was admitted into evidence. The record establishes Dr. Hawkins treated Kennedy from the day of his injury and was Kennedy's family physician. Combined Insurance urges the reports were hearsay. We hold the court was correct in admitting the opinion testimony of Dr. Hawkins. It was clearly not based wholly upon hearsay. The rule is if a treating medical doctor's testimony is predicated both upon personal knowledge and upon hearsay, his testimony is admissible. Gray v. Bird, 380 S.W.2d 908 (Tex.Civ.App.—Tyler 1964, writ ref'd. n. r. e.); Texas Employers' Insurance Association v. Rogers, 368 S.W.2d 21 (Tex. Civ.App.—Amarillo 1963, writ ref'd. n. r. e.).

■ Combined Insurance urges there is no evidence that Kennedy was wholly and continuously disabled from December 30, 1970, the date the company ceased paying benefits until trial, solely as a result of the injury of February 3, 1966. It also contends there is no evidence that he was under regular care of a physician for the same period. Combined Insurance maintains the court erred in failing to grant its motion for an instructed verdict and its motion for judgment non obstante veredicto. In considering these points we are required to review the evidence in support of the findings and consider only the evidence and inferences which support the findings and reject the evidence and inferences to the contrary. Curry v. Curry, 153 Tex. 421, 270 S.W.2d 208 (1954); Self v. Thornton, 343 S.W.2d 485 (Tex.Civ.App.—Texarkana 1960).

The following testimony was given by Dr. Hawkins:

"Q. Then, would it be fair statement, Doctor, to say that the injury that Mr. Kennedy suffered in 1966, on February 3rd continues to disable him?

A. That is correct.

Q. And that this injury has wholly and continuously disabled him from that time to the present date?

A. That is correct.

Q. In regard to counsel's question in this contributing to him, does he continue to be under your care as far as the disability, or have you ever released him, or has he been under your regular care and attendance as far as the injury is concerned from February of 1966?

A. He has been under my care since then.

Q. You have never considered that he had healed from this injury?

A. He has not."

We agree with the trial court that this evidence together with its inferences required overruling company's motion for an instructed verdict and its motion for judgment non obstante veredicto.

■ Combined Insurance complains there was insufficient evidence that Kennedy was wholly and continuously disabled from December 30, 1970, and that he was under regular care of a physician. We have carefully considered the entire record and hold to the contrary. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ Combined Insurance further asserts the trial court erred in awarding penalty and attorneys' fees because there was no evidence of demand as required by Article 3.62, Insurance Code, V.A.T.S. We agree. The record fails to show that demand was made.

Our Supreme Court in International Security Life Insurance Company v. Redwine, 481 S.W.2d 792 (1972), stated:

"The making of a demand is an essential element of the insured's cause of action for the recovery of statutory penalty, and attorneys' fees. Demand must be made thirty days before the filing of the petition upon which the cause is tried, and such demand must be alleged. Demand may be made after the institution of the suit, but such demand must be alleged in an amended petition. The filing of a suit alone does not constitute a demand within the statute." See also Key Life Insurance Company of South Carolina v. Taylor, 456 S.W.2d 707 (Tex.Civ. App.—Beaumont 1970, writ ref'd. n. r. e.).

Kennedy failed to establish that he complied with the statutory prerequisite for recovering penalty and attorneys' fees under Article 3.62, Insurance Code, V.A.T.S.

■ Combined Insurance next urges the award of prejudgment interest was not authorized under the pleadings and prayer of Kennedy. We disagree. Kennedy's prayer in part is as follows: "such other and further relief, general and special in law and in equity, including costs of court, to which Plaintiff shall be entitled."

The case at bar is a suit on a contract. Under such facts, Article 5069–1.03 provides interest at six per cent (6%) per annum where no specific rate of interest is agreed upon by the parties. In Dunnam v. Dillingham, 345 S.W.2d 314 (Tex.Civ.App. —Austin 1961, no writ hist.), the court stated:

"Interest under the statute may be awarded by the court under pleadings for 'such other and further relief, both in law and in equity, to which they may be justly entitled.'" See also Tennessee Life Insurance Company v. Nelson, 459 S.W.2d 450 (Tex.Civ.App.—Houston 1970, no writ hist.).

We held the award of prejudgment interest was correct.

To avoid ambiguity between the judgment and the insurance policy, the judgment shall be reformed by eliminating the language "initial monthly payment of Two Hundred Ten Dollars ($210.00) on November 14, 1972, and to continue regularly thereafter" and substituting therefor the language "monthly payments of Two Hundred Ten Dollars ($210.00) will be resumed."

Having considered all points of error, the judgment of the trial court is reformed by eliminating the award of statutory penalty and attorneys' fees and by substituting "monthly payments of Two Hundred Ten Dollars ($210.00) will be resumed" in lieu of "initial monthly payments of Two Hundred Ten Dollars ($210.00) on November 14, 1972, and to continue regularly thereafter" and as so reformed is affirmed.