**Gregorio SALINAS, d/b/a Falfurrias Watermelon Sales, Appellant,**

v.

**Sigifredo FLORES, Appellee.**

No. 16067.

Court of Civil Appeals of Texas, San Antonio.

May 9, 1979.

Rehearing Denied June 6, 1979.

Terry A. Canales, Alice, for appellant.

R. E. Lopez, Jr., Howard C. Berger, Alice, for appellee.

OPINION

KLINGEMAN, Justice.

This suit was brought by appellees, Sigifredo Flores and Salvador Flores, against Gregorio Salinas, individually and doing business as Falfurrias Watermelon Sales, (and Clyde Schuchert, who did not appeal), in Brooks County, Texas, for the balance allegedly owed by appellant to appellees on a contract of sale of a patch of watermelons. Appellant answered by general denial and by pleas that there was failure of consideration and that the transaction involved was a "consignment" rather than a "sale." Trial was to a jury, which in answer to the special issues submitted, found that the contract agreed upon between appellees and appellant was a sale; and that neither appellant nor appellees were entitled to attorney's fees. Appellant's motion for instructed verdict was overruled by the trial court, which then entered judgment on the verdict in favor of appellees against appellant in the amount of $11,000, with postjudgment interest and costs of court.

This suit arose out of the sale of an 80-acre patch of watermelons in 1975. Appellees were the growers of the watermelons and in May 1975, after negotiations, appellant and appellees entered into a written contract of sale of such patch of watermelons for an agreed price of $14,000, of which $3,000 was paid as a down payment on May 23, 1975, with the remaining balance to be paid within 30 days of that date. On May 24, 1975, the watermelons were damaged or destroyed in a hailstorm.

Appellant's sole point of error is that the trial court erred in denying his motion for instructed verdict because the contract required for its performance goods identified when the contract was made, and these goods were totally destroyed, without fault of either party, before risk of loss passed to the appellant. Although appellant asserted in the trial court that the transaction was a consignment rather than a sale, he does not in this appeal attack the jury finding that it

was a sale. Instead, he contends that under the holding in *Caudle v. Sherrard Motor Co.*, 525 S.W.2d 238 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.), and under the provisions of the Uniform Commercial Code, as adopted in Texas, particularly Section 2.613,[1] he is entitled to a take-nothing judgment as a matter of law. We disagree.

■ Appellant contends that appellees' case is founded on the assumption that risk of loss follows title. It is clear from appellees' brief that while this may be one of his contentions, his primary contention is that the party who has care and control of the goods bears the loss. In this case it is undisputed that the absolute care and control of the watermelons passed to the buyer at the time that the contract was entered into which was prior to the time that the loss occurred.

Although appellant relies heavily on *Caudle v. Sherrard Motor Co.*, his reliance on that case is misplaced. The factual situation of *Caudle* was entirely different from that before us. The court in *Caudle* discussed the provisions of the Uniform Commercial Code and pointed out that under the Code the risk of loss is no longer determined arbitrarily on the basis of which party has title at the time of the loss. The court there stated that the underlying theory of the Code sections on risk of loss is the adoption of the contractual approach. The court observed that

> [s]ubject to the placement of a contractual approach at the analytic center of the risk of loss problems is the policy that a party who had control over the handling of goods should bear their loss [and that] [t]he party [who is] in control is in the best position to handle properly the goods, to contract for shipment with a reliable carrier, and to insure the goods.

525 S.W.2d at 241–42. The key issue as to risk of loss in the case before us is which party had control over the goods at the time of loss.

■ There is ample evidence in the record that in the sale of a "patch" of watermelons the buyer takes full and absolute control of the watermelons when he contracts for them. There is evidence that after such a sale all further care which the watermelons require is the responsibility of the buyer, including watering, cultivating, harvesting and transporting, and that after the contract of sale is entered into the buyer has total control over the goods. The overwhelming evidence in the record is that in a sale of watermelons "by the patch," the absolute control of the watermelons passes to the buyer at the time of execution of the contract; that a sale "by the patch" relieves the seller of any further responsibility for the care of the melons; and that this term was so understood by the parties.

■ It must be remembered that appellant's sole point of error is that the trial court erred in denying his motion for instructed verdict. In such a situation, the party moving for an instructed verdict has a difficult burden. The basic rule is that, upon motion for instructed verdict, the trial court, without passing upon the credibility of the witnesses, accepts as true all evidence which, when liberally construed in favor of the adverse party, tends to support the adverse party's contention. The court then indulges every reasonable inference which can properly be drawn from the evidence in favor of such opponent's position, and discards all contradictory evidence favorable to the movant. When so viewed, if the evidence amounts to more than a scintilla, then an issue is at least raised for the jury to determine. 3 R. McDonald, Texas Civil Practice § 11.28.2 (rev. 1970). Under the evidence before us, we conclude that the trial court did not err in overruling appellant's motion for instructed verdict.

By cross-point, appellees complain that they should additionally have been awarded

---

1. The portion of Section 2.613 relied upon by appellant provides as follows:

    Where the contract requires for its performance goods identified when the contract is made, and the goods suffer casualty without fault of either party before the risk of loss passes to the buyer, . . . then
    (1) if the loss is total the contract is avoided.
    Tex.Bus. & Com.Code Ann. § 2.613(1) (Vernon 1968).

prejudgment interest. Although prejudgment interest is recoverable as a matter of law in certain cases, there should be pleadings to support such an award. An examination of the record discloses that appellees did not in the petition on which they went to trial ask for recovery of any interest. The Supreme Court of Texas in *Black Lake Pipe Line Co. v. Union Construction Co.*, 538 S.W.2d 80 (Tex.1976) discussed extensively the matter of prejudgment interest, and in that opinion stated:

> [T]his court has not dispensed with the requirement that the petition contain pleadings to support an award of prejudgment interest. *International & G. N. Ry. Co. v. Lyon*, 112 Tex. 30, 243 S.W. 973 (1922). By failing to plead for prejudgment interest a plaintiff may waive his right to it. *Ewing v. Wm. L. Foley, Inc.*, 115 Tex. 222, 280 S.W. 499 (1926). We do not approve the court of civil appeals' statements that Union and MPD were entitled to prejudgment interest, 'whether prayed for or not.'[2]

*Id.* at 96. Appellee's cross-point for recovery of prejudgment interest is overruled.

Finding no error, we affirm the judgment of the trial court.

### On Motion for Rehearing.

Both appellant Gregorio Salinas, d/b/a Falfurrias Watermelon Sales, and appellees, Sigifredo Flores and Salvador Flores, have filed motions for rehearing. Appellees assert that we improperly denied their cross-point for prejudgment interest in that they are entitled to such interest since they plead and proved a written contract with a definite sum due on a definite date, and since they also plead for general relief. Appellees' motion for rehearing is granted. We overrule appellant's motion for rehearing.

Our opinion of May 9, 1979, is changed by deleting the last two paragraphs of said opinion (on pages 815 and 816), including the footnote (on page 816), and substituting in place thereof the following:

By cross-point, appellees complain that they should have additionally been awarded prejudgment interest. We sustain this cross-point, which is controlled by the recent decision of the Supreme Court of Texas in *Republic National Bank of Dallas v. Northwest National Bank of Fort Worth,* 578 S.W.2d 109 (1979), where on rehearing the Court held that

> under article 5069–1.03, prejudgment interest may be awarded based on a prayer for general relief if the plaintiff pleads and proves a written contract ascertaining a sum payable on a date certain. In the present case Republic has plead and proved an enforceable letter of credit. The letter of credit and accompanying documents met the requirements of the statute in that no interest rate is stipulated, an ascertainable sum is stated, and a specific time for payment is provided. Northwest should therefore be required to pay the applicable prejudgment interest rate under the statute inasmuch as it had the extended use and benefit of the principal sum.

Appellees' pleading on which they went to trial prayed that "[they] have judgment in the sum of $11,000.00 plus $2,500.00 as reasonable attorney's fees, costs of suit, and for such other and further relief to which Plaintiffs may show themselves justly entitled." The prayer for general relief before us is basically similar to that involved in *Republic.* Texas courts have repeatedly recognized that under Article 5069–1.03 an award of prejudgment interest may be predicated on a prayer for general relief if the plaintiff pleads and proves a written contract ascertaining a sum payable at a date certain prior to judgment. *Republic National Bank of Dallas v. Northwest Bank of Fort Worth,* 578 S.W.2d 109 (1979) (on motion for rehearing); *Liberty Mutual Insurance Co. v. General Insurance Corp.*, 517 S.W.2d 791, 798 (Tex.Civ.App.—Tyler 1974, writ ref'd n. r. e.) (on motion for rehearing);

---

2. The question presented in *Black Lake* was whether a prayer for "interest" without more, constituted sufficient pleadings to support an award of prejudgment interest. The court held this prayer sufficient but we do not have this situation before us. There is no prayer whatsoever for recovery of interest in the present case.

*Combined Insurance Co. of America v. Kennedy,* 495 S.W.2d 306, 308 (Tex.Civ.App.—Eastland 1973, writ ref'd n. r. e.); *Dunnam v. Dillingham,* 345 S.W.2d 314, 319 (Tex.Civ.App.—Austin 1961, no writ).

 In the present case appellees have plead and proved a written contract providing for a definite sum payable on a date certain. No interest rate is stipulated in the written contract and the transaction therefore meets the requirements of Article 5069–1.03. Appellees are entitled to the legal rate of interest provided for under such statute.

The judgment of the trial court is reformed so as to provide for prejudgment interest at the rate of six percent per annum from June 23, 1975, until February 3, 1978, the date of the judgment, and thereafter postjudgment interest at the legal rate of nine per cent per annum until paid.

As so reformed, the judgment is affirmed.