Opinion issued March 18, 2004











In The
Court of Appeals
For the
First District of Texas
____________

NO. 01–04–00211–CV
____________

IN RE GEORGE JONES, Relator




Original Proceeding on Petition for Writ of Mandamus




O P I N I O NRelator George Jones has filed a petition for a writ of mandamus complaining
of Judge Mills’s rendition of a $5,000 judgment in favor of real parties in interest
Nelta Balshaw and Chris Balshaw.


 Jones’s complaint is that the judgment was
rendered against him personally even though the Balshaws sued him as “George
Jones DBA J&J Tree Service.” Jones has also filed a motion for temporary relief.
          Judge Mills conducted a bench trial in the county court at law on appeal de
novo from a judgment of the small claims court.


 See Tex. Gov’t Code Ann. §§
28.052, .053(a), (b) (Vernon 2004). Jones has not attached a copy of the signed
judgment of the county court at law. See Tex. R. App. P. 52.3(j)(1)(A).
          A court of appeals may issue a writ of mandamus, “agreeable to the principles
of law regulating those writs,” against a judge of a district or county court in the court
of appeals district. Tex. Gov’t Code Ann. § 22.221(b)(1) (Vernon 2004). We may
grant mandamus relief to correct a clear abuse of discretion or a violation of a duty
imposed by law when there is no adequate remedy by appeal. Canadian Helicopters
Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833,
839 (Tex. 1992); Johnson v. Honorable Fourth Court of Appeals, 700 S.W.2d 916,
917 (Tex. 1985).
          Jones argues he has no adequate remedy by appeal of the judgment because the
court of appeals has no jurisdiction to hear an appeal from the judgment of a county
court or county court at law after a de novo appeal from a small claims court. See
Tex. Gov’t Code Ann. § 28.053(d) (Vernon 2004) (“Judgment of the county court
or county court at law on the appeal is final.”); Tumlinson v. Gutierrez, 55 S.W.3d
673, 674 (Tex. App.—Corpus Christi 2001, no pet.); Oropeza v. Valdez, 53 S.W.3d
410, 411–12 (Tex. App.—San Antonio 2001, no pet.); Woodlands Plumbing Co. v.
Rodgers, 47 S.W.3d 146, 148 (Tex. App.—Texarkana 2001, pet. denied); Howell
Aviation Servs. v. Aerial Ads, Inc., 29 S.W.3d 321, 322–24 (Tex. App.—Dallas 2000,
no pet.); Williamson v. A-1 Elec. Auto Serv., 28 S.W.3d 731, 731–32 (Tex.
App.—Corpus Christi 2000, pet. dism’d w.o.j.); Lederman v. Rowe, 3 S.W.3d 254,
255–56 (Tex. App.—Waco 1999, no pet.); Gaskill v. Sneaky Enters., Inc., 997
S.W.2d 296, 297 (Tex. App.—Fort Worth 1999, pet. denied); Davis v. Covert, 983
S.W.2d 301, 302–03 (Tex. App.—Houston [1st Dist.] 1998, pet. dism’d w.o.j.).
          While we agree that we have no jurisdiction to hear an appeal from the
judgment presumably signed by Judge Mills, relator cites no authority—and we are
aware of none—holding that Walker’s no–adequate–remedy–by–appeal requirement
is satisfied because the court of appeals lacks jurisdiction to hear an appeal. Walker,
827 S.W.2d at 839. If we were to construe our mandamus writ power in this manner,
we would effectively circumvent the legislature’s restriction in Government Code
section 28.053(d) of our appellate jurisdiction. See Tex. Const. art. V, § 6(a) (“Said
Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their
respective districts . . . under such restrictions and regulations as may be prescribed
by law.”); see also Seale v. McCallum, 287 S.W. 45, 47 (Tex. 1926) (“the principle
is fixed that the Legislature has the power to limit the right of appeal”). We decline
to do so.



          We deny both the petition for a writ of mandamus and the motion for temporary
relief.
 
PER CURIAM
Panel consists of Chief Justice Radack and Justices Taft and Higley.