# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00605-CV

**Tim Creel, Appellant**

**v.**

**The Oaks Treatment Center and The Texas Workforce Commission, Appellees**

## FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
## NO. C-1-CV-06-004507, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal turns on whether this Court has jurisdiction over an appeal from a county court at law's judgment in an appeal from a small claims court's review of an agency decision. The Texas Workforce Commission denied Tim Creel's application for unemployment benefits based on his termination from his job at The Oaks Treatment Center. Creel sought judicial review in small claims court, which affirmed the Commission's decision. After the county court at law affirmed the small claims court's decision, he filed his notice of appeal to this Court.

Appellees jointly move to dismiss his appeal, contending that the county court at law's decision is not appealable because that decision is on an appeal from small claims court. The legislature has determined that, in a hearing on appeal from small claims court, the "[j]udgment of the county court or county court at law on the appeal is final." Tex. Gov't Code Ann. § 28.053(d)

(West 2004); *see generally id*. § 28.052 (West Supp. 2006). The supreme court has determined that this provision means that the county court's decision on a case that was "originally filed" in small claims court cannot be challenged by appeal to this Court. *Sultan v. Mathew*, 178 S.W.3d 747, 752 (Tex. 2005). Creel responds with a variety of arguments, none of which persuade us to ignore the direct statements by the legislature and the supreme court.

Creel argues that a labor code provision concerning appeal bonds confers or shows that we have jurisdiction over unemployment claims. He contends that the provision, which states that an appeal bond is not required in unemployment claims for appeals from trial courts, is a more specific statute than the statute concerning the finality of appeals from small claims courts. *Compare* Tex. Lab. Code Ann. § 212.210 (West 2006) *with* Tex. Gov't Code Ann. § 28.053. The labor code statute does not require the result Creel urges. It establishes only that, if jurisdiction exists, an appellant need not file an appeal bond. The freedom from filing an appeal bond does not create jurisdiction that does not otherwise exist.

Creel asserts that appellate courts have heard unemployment claims for sixty years. He does not, however, cite a case where the first judicial review was in small claims court.[1]

Creel asserts that his appeal is outside the holding of *Sultan* because his case was "originally filed" in the Commission, not small claims court. The statutory scheme does not distinguish among lawsuits filed for review of agency decisions and those filed for the first time in small claims court. The "originally filed" language appears only in the concluding paragraphs of the

---

[1] Even if he had, the interpretation of "final" with respect to the county court's decision on a small claims appeal is relatively new, originating in 1998 and adopted by the supreme court in 2005. *See Sultan v. Mathew*, 178 S.W.3d 747, 748-49 (Tex. 2005) (citing *Davis v. Covert*, 983 S.W.2d 301, 302 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd w.o.j.)). Accordingly, an appellate court's consideration before 1998 of an unemployment claim initiated in small claims court would be of limited, if any, precedential value for arguing that this Court has jurisdiction over this cause.

supreme court's opinion. *See Sultan*, 178 S.W.3d at 752. The statutory scheme simply establishes the right of any litigant in a case in small claims court with more than twenty dollars in controversy who is dissatisfied with a judgment to appeal from small claims court to the county court. *See* Tex. Gov't Code Ann. § 28.052-.053. The legislature's choice to circumscribe that right to end at the county court is within its constitutional mandate to restrict or regulate this Court's jurisdiction. *See* Tex. Const. art. V, § 6; *Sultan*, 178 S.W.3d at 752 (citing *Seale v. McCallum*, 287 S.W. 45, 47 (Tex. 1926)).

Finally, Creel argues that it is not reasonable to believe that the Legislature meant to discourage appeals of unemployment benefits because they concern, not just money, but the applicant's primary source of income. We find no basis permitting this Court to make such a distinction. The legislature and the supreme court have determined that, for cases filed in small claims court, the county courts are the only appellate recourse, and we are bound by those determinations. *See* Tex. Gov't Code Ann. § 28.053 *Sultan*, 178 S.W.3d at 752.

We grant appellees' motion to dismiss. We deny their motion for damages as a sanction for the filing of a frivolous appeal. We dismiss this appeal for want of jurisdiction.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed: December 19, 2006