K & S MART, INC. and Karim
Hemani, Appellants,

v.

PROTON PRC, LTD., Appellee.

No. 05–10–01065–CV.

Court of Appeals of Texas,
Dallas.

Nov. 16, 2010.

David R. Gibson, The Gibson Group, DeSoto, for Appellant.

Luke Laman, Plano, John Alan Goren, Dallas, for Appellee.

Before Chief Justice WRIGHT and Justices O'NEILL and MYERS.

**OPINION**

Opinion by Chief Justice WRIGHT.

Before the Court is appellee's motion to dismiss for want of jurisdiction. The trial court conducted a bench trial in this case on June 25, 2009. Appellants appeared in person and through their counsel and fully participated in the trial. At the conclusion of the trial, the trial court took the case under advisement. The trial judge signed the judgment on March 23, 2010. Counsel for appellee received a copy of the judgment in the mail. Counsel for appellants contends that he did not receive a copy of the judgment in the mail. On August 23, 2010, five months after the judgment was signed, appellants filed their notice of restricted appeal.

Appellee contends this appeal should be dismissed because appellants do not meet the requirements for a restricted appeal and their notice of appeal was otherwise untimely. In their response to the motion to dismiss, appellants admit that they participated in the trial. They contend, however, that they will be denied due process if they are not allowed to appeal.

The right to a restricted appeal is limited to parties who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a post-judgment motion or notice of appeal. TEX.R.APP. P. 30. The legislature has the power to limit the right of appeal. *Sultan v. Mathew*, 178 S.W.3d 747, 752 (Tex.2005) (citing *Seale v. McCallum*, 116 Tex. 662, 287 S.W. 45, 47 (1926)).

Appellants do not meet the requirements for a restricted appeal because they participated in the trial. Appellants did not file any post-judgment motions. *See generally* TEX.R. CIV. P. 306a & 329b. Therefore, their notice of appeal was due April 22, 2010. *See* TEX.R.APP. P. 26.1. Appellants notice of appeal filed on August 23, 2010 was untimely. Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX.R.APP. P. 25.1(b).

Accordingly, we grant appellee's motion to dismiss for want of jurisdiction and dismiss this appeal. *See* TEX.R.APP. P. 42.3(a).