Karim HEMANI, Appellant,

v.

PROTON PRC, LTD. and Big Score Investors, L.L.C., Appellees.

No. 05–10–01066–CV.

Court of Appeals of Texas, Dallas.

Nov. 16, 2010.

David R. Gibson, The Gibson Group, DeSoto, for Appellant.

Luke Laman, Plano, John Alan Goren, Dallas, for Appellee.

Before Chief Justice WRIGHT and Justices O'NEILL and MYERS.

## OPINION

Opinion by Chief Justice WRIGHT.

Before the Court is appellees' motion to dismiss for want of jurisdiction. The trial court conducted a bench trial in this case on July 1, 2009. Appellant appeared in person and through his counsel and fully participated in the trial. At the conclusion of the trial, the trial court took the case under advisement. The trial judge signed the judgment on March 23, 2010. Counsel for appellees received a copy of the judgment in the mail. Counsel for appellant contends that he did not receive a copy of the judgment in the mail. On August 23, 2010, five months after the judgment was signed, appellant filed his notice of restricted appeal.

Appellees contend this appeal should be dismissed because appellant does not meet the requirements for a restricted appeal and his notice of appeal was otherwise untimely. In his response to the motion to dismiss, appellant admits that he participated in the trial. He contends, however, that he will be denied due process if he are not allowed to appeal.

The right to a restricted appeal is limited to parties who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a post-judgment motion or notice of appeal. TEX.R.APP. P. 30. The legislature has the power to limit the right of appeal. *Sultan v. Mathew,* 178 S.W.3d 747, 752 (Tex.2005) (citing *Seale v. McCallum,* 116 Tex. 662, 287 S.W. 45, 47 (1926)).

Appellant does not meet the requirements for a restricted appeal because he participated in the trial. Appellant did not file any post-judgment motions. *See generally* TEX.R. CIV. P. 306a & 329b. Therefore, his notice of appeal was due April 22, 2010. *See* TEX.R.APP. P. 26.1. Appellant's notice of appeal filed on August 23, 2010 was untimely. Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX.R.APP. P. 25.1(b).

Accordingly, we grant appellees' motion to dismiss for want of jurisdiction and dismiss this appeal. *See* TEX.R.APP. P. 42.3(a).