## L. H. BAILEY v. BEN W. FLY.

### No. 1290. Decided March 14, 1904.

**1.—Contested Election—Pleading—Amendment.**

Amendment of the statement of grounds of contest and reply thereto by contestee in election cases being governed by the rules applicable in this State in other civil cases (Rev. Stats., art. 1803), new matter may be set up by amendment by the contestee without showing that it is newly discovered or excuse for failing to present it sooner, subject to the discretionary right of the court to strike it out if the privilege is abused. (P. 431.)

**2.—Same.**

Amended pleadings setting up new matter properly constitute the basis of the judgment in election cases as in other proceedings. (Pp. 430, 432.)

**3.—Contested Election—Cost Bond.**

Contestant in an election case, as in other civil suits, may avoid the requirement of cost bond by affidavit of inability to give one. (P. 432.)

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Victoria County.

*Dabney & Lockett,* for appellant.—In a statutory contest for office, the contestee is required to file his answer within ten days after the time of service of the original statement, and can not by filing a sham answer then reserve the right, after four months, to put in his real defenses. Rev. Stats., arts. 1799, 1802, 1803.

It is not contended that no right of amendment is given by the statute, or that the answer, not filed within ten days, will always be struck out; but it is contended that a party, having plead, can not put in amendments "not germane to the ground originally alleged;" except only those amndments which, on the part of the contestant, allege new matter, not as a basis of recovery, but as offset to matters pleaded by the contestee; and which, on the part of the contestee allege new matter, not as the basis of defense or offsets to the original statement, but as offsets to the contestant's offsets. Davis v. State, 75 Texas, 426; Calverly v. Shank, 67 S. W. Rep., 436.

Amendments are not allowed in statutory contests for office unless the statute gives the right, nor then, except as to matters of form on a proper showing, unless the statute expressly provides that a new cause of action or of offset can be set up by way of amendment. And the words of the statute, "May be amended as in civil cases," refer to the manner and terms of making formal amendments, and do not permit substantial amendments as a basis of recovery or defense. Davis v.

State, 75 Texas, 426; Kindel v. Le Bert, 58 Am. St. Rep., 239-241, 23 Colo., 385.

If the court did not err in not striking out Fly's amendment filed April 8th, he did err in not striking out the amendment filed April 30th, because in a statutory contest for office new matter can not be plead whenever the pleading of such new matter, if in a civil case, would be ground for delay in order to investigate new issues tendered. In this action no delay on such grounds is permissible. Rev. Stats., art. 1802; Roach v. Malotte, 56 S. W. Rep., 707; Kindel v. Le Bert, 58 Am. St. Rep., 239, 23 Colo., 385.

A "contest for office" is not a suit. It is a political action providing a summary method for the correction of electoral frauds and mistakes, in which, from the point of view of the courts, the public has the first and greatest interest and the litigants a subordinate one. The procedure is therefore shaped for the purpose of enforcing a speedy investigation, for in this, above all other controversies, it is vital to the State that there be an end of the litigation. If electoral frauds be not corrected, and that speedily, there can be no free government. Considering the wrong to be removed and the remedy proposed, we must construe the statutes as providing a prompt remedy, for no remedy is effective if it can not be applied within the short periods of our terms of office by courts meeting at intervals of four to five months and holding brief sittings. Unless this litigation end before the next election it will be dismissed. Therefore the first position I take is, that any statute permitting the amendment of the statement or answer must be considered to be subject to the exigencies of the action and to have been intended to permit only such reasonable amendments as the nature of the litigation can allow; for nothing is so fruitful of continuances and delays as amendments.

It is contended that all of this is made of no effect by the provision that the "statement and reply may be amended as in civil cases" (Rev. Stats., art. 1803), and that, without regard to the exigencies and the nature of the action and the context of the statute, the same right of amendment must be allowed as in the ordinary civil cases. This contention ignores the very object of the statute and is a denial of the remedy supposed to have been given; for if it is not given quickly it is not given at all, and involves a violent reversal of the legislative policy shown in the genesis of the statute and apparent as it is now written, and is, besides, contrary to common sense and to the ordinary rules of construction and interpretation.

The time limits prescribed by the statute for pleadings are mandatory and even jurisdictional, and a procedure of any court permitting amendments does not permit new causes of action to be added by the contestant, or affirmative causes of cross-action to be offset by contestee. Such additional new matter raises new issues and does not properly constitute an amendment and the statute or practice permitting the amendment is subject, in essential matters, to the time

limitations set for the filing of pleadings. Maude v. Lawley, 9 L. R. C. P., 171; Swaz v. County Court, 14 Colo., 48, 49; Gillespie v. Dion, 18 Mont., 183, 196; Butterton v. Fuller, 60 N. W. Rep., 1072 (So. Dak.); Anderson v. Likens, 47 S. W. Rep., 868-9 (Ky); Bank v. Sargent, 48 S. W. Rep., 151 (Ky); Gonzales v. Gallegos, 62 Pac. Rep., 1104, 1105, 1106 (N. M.); Vigil v. Pradt, 20 Pac. Rep., 796 (N. M.); Bull v. Southwick, 2 N. M., 362.

If amendments are allowed at all in regard to essential matters, they can be allowed only when they are applied for at the earliest possible moment, and the predicate to them must be an affirmative showing by the party tendering them that they are new discoveries plead as soon as discovered, and not before discoverable by the utmost diligence. McCreary on Elections, secs. 442, 443; Swaz v. County Court, 14 Colo., 44; Halstead v. Rader, 27 W. Va., 817; Harrison v. Lewis, 6 W. Va., 713; Bull v. Southwick, 2 N. M., 362; Kneass' Case, Brightly's Lead. Cas. on Elec., 337. This I take it, is the rule governing pleadings in the case of all extraordinary remedies. 2 Spelling on Extraordinary Relief, 997.

The fundamental rule governing the whole matter is this: When the statute or practice permits amendments in election contests, the amendment must be germane to the original pleading and must be confined to expanding or defining more clearly its charges and specifications. It must not be inconsistent with the original pleading, or add new matter, unless the provision permitting an amendment specifically provides that new matter and new issues may be added. Kindel v. Le Bert, 23 Colo., 58, 58 St. Rep., 239; Halstead v. Rader, 27 W. Va., 817, 818; Loomis v. Jackson, 6 W. Va., 711, 712; Harrison v. Lewis, 6 W. Va., 722, 723; Butterton v. Fuller, 60 N. W. Rep., 1072 (So. Dak.); Swaz v. County Court, 14 Colo., 44, 47, 49; Ford v. Orville, 13 Minn., 518, 519; Sawin v. Pease, 6 Wyo., 91, 94, 103; Anderson v. Likens, 47 S. W. Rep., 869 (Ky.); Gillespie v. Dion, 18 Mont., 183, 197; Thompson v. Ewing, 1 Brews. (Pa.), 67; Mann v. Cassidy, 1 Brews. (Pa.), 32, 33; Brightly's Lead. Cas. on Elec., note page 349; 6 General Digest (N. S., 1898), p. 2169, sec. 148.

The policy of the law and the exigencies of the action control and limit amendments, if allowed. Amendments and changes proposed violative of this policy and tending to protract litigation must not be allowed. Swaz. v. County Court, 14 Colo., 44, 47, 49; Butterton v. Fuller, 60 N. W. Rep., 1072 (So. Dak.); Vigil v. Pradt, 20 Pac. Rep., 796; Gonzales v. Gallegos, 62 Pac. Rep., 1104-1106 (N. M.); Anderson v. Likens, 47 S. W. Rep., 868, 869; and other authorities cited above.

It is not within the discretion of the trial judge, as generally in civil cases, to permit fundamental amendments and additions, at least changes for which no predicate of diligence and new discovery has been shown. In civil cases, surprise by new issues may be penalized by granting continuances or imposing costs, but in contest cases there must be an immediate trial. Besides, as stated above, the provision

permitting amendments is subject to time limitation set for pleading, after the expiration of which the addition of new issues can not be made. Maude v. Lawley, 9 L. R. C. P., 171; Bull v. Southwick, 2 N. M., 362; Loomis v. Jackson, 6 W. Va., 711, 712.

*Proctors,* for appellee.—Statement and reply in a contested election case may be amended in the same manner and under the same rules and provisions that the petition and answer may be amended in civil causes. Rev. Stats., arts. 1803, 1188, 1189; Rules for District and County Courts Nos. 12-16; Roach v. Malotte, 56 S. W. Rep., 701; Brown v. McCullom, 18 Am. St. Rep., 757; Calverly v. Shank, 67 S. W. Rep., 436. While contestee's reply in this case was filed within the ten days required by statute in a statutory proceeding in a contest for office, still that provision of the statute is directory merely, and reply may be filed on default day, or at any time, within the sound discretion of the court, that will not cause a delay of the trial. Roach v. Malotte, 56 S. W., Rep., 701.

The court erred in overruling contestee's motion to strike out the pauper's oath filed by contestant in lieu of giving bond for costs, and in refusing thereupon to dismiss this cause. Calverly v. Shanks, 67 S. W. Rep., 434; Compton v. Holmes, 94 Texas, 580; Buckler v. Turbeville, 17 Texas Civ. App., 124; Messer v. Cross, 63 S. W. Rep., 169; Kindel v. Le Bert, 58 Am. St. Rep., 239; Roach v. Malotte, 56 S. W. Rep., 701.

WILLIAMS, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals for the First District, as follows:

"This cause now pending before us on appeal is an election contest brought by the appellant Bailey under the statute to contest the result of an election for the office of county judge, held in the county of Victoria in November, 1902, in which appellee, Fly, was declared to have received the greater number of votes. Certain questions have arisen therein which we deem it wise to certify for your decision.

"The action was instituted on December 2, 1902. Bailey's original pleading, after necessary formal allegations, contained as ground for contest averments in substance that the result as declared by the commissioners court gave contestee 949 votes, Bailey 946 votes, and Thurmond (the other candidate for the office) 473 votes. That in certain named voting boxes, certain votes were cast for him (contestant) which were not counted for him and he alleged valid reasons why they should have been counted for him. That certain named persons voted at certain named boxes and their votes counted for Fly; that they were not qualified voters and the reasons for their disqualification are set out. Contestant prayed for a hearing and recount and that the office be awarded to him.

"On the 12th day of December, 1902, contestee filed his answer. This consisted of demurrers, a general denial and special denials. Then

followed allegations that if any of the voters named by contestant were in fact illegal and unqualified, they voted and were counted for Bailey and not Fly, and that the alleged rejected and uncounted legal votes were cast for him, the contestee. Further, that if in fact illegal votes were cast and counted for contestee as alleged, that nevertheless a large number of illegal votes were cast and counted for contestant in numbers more than sufficient to offset those complained of by contestant. Then follow general allegations in which a general investigation and recount is courted and prayed for, after which comes the prayer for judgment.

"This in substance is the original answer of contestee. No illegal voter is named as having voted for Bailey, nor is any ground stated for the charge of illegality, nor is any voting box named at which any illegal voter for Bailey is charged to have cast his vote. District court was in session on the day contestee's answer was filed but adjourned by operation of law on the following day.

"On December 12th, contestant filed special exceptions to the answer on the ground that in so far as it sought to set out illegal votes or other matter in offset to that averred by contestant the allegations were too vague and general to authorize the admission of proof, were mere fishing allegations, and the answer on its face a sham. That contestant had the right to more specific averments in order to be able to meet them. Upon these demurrers contestant sought a ruling by the court, but for lack of time they were passed to the following term.

"On April 8, 1903, in vacation, contestee filed an amended answer in which the allegations in the original answer were reiterated, but in which persons alleged to have voted illegally for Bailey were named and the facts rendering them disqualified to vote were specifically set out, and setting out other matters which, in view of the evidence adduced at the trial, need not be here mentioned.

"On April 25th, contestant filed a motion to strike out the answer of April 8th, on the ground that it set out new matter not embodied in nor germane to the matters alleged in the original answer, and that the amendment came too late, and lest the court should overrule his motion and exceptions contestant filed further pleadings setting up new matter in offset to contestee's amended answer.

"On April 28th, contestee filed what he termed a supplemental reply in which much new matter was set up and which contestant sought by motion and exception to strike out on the ground that it came too late, being filed after all demurrers had been overruled. That contestant is unable to meet these new averments, that they are a surprise to him, wherefore they should be stricken out.

"The court having overruled all the demurrers and motions of contestant, contestee, on April 30th, the eve of the trial, filed a second amended answer, upon which and the pleadings of contestant the cause was tried. This second amended answer contained new allegations in offset, but for which, as the case was developed on the trial, judgment must have been in contestant's favor. In none of contestee's pleading

is any reason given why the new matter was not sooner discovered and alleged, nor is any excuse given why all the substantial defenses were not embodied in the first answer.

"To the second amended answer contestant interposed a motion to strike out on the ground that it contained new matter and presented new fact issues which he was not prepared to meet without such delay as would be destructive of his rights and consume the substance of the litigation.

"Upon the trial contestant gained nothing upon any pleading of his outside his first and contestee won on new issues made in his last.   Contestant established enough of his original allegations to have entitled him to a judgment but for offsets established by contestee under allegations of entirely new matter in his last pleading.   It is proper to state in this connection that contestant, aside from his statement in his motions that he was surprised by the new pleadings and was not prepared to meet them, has not made such surprise or inability to appear in any other way, nor does the evidence adduced upon the trial enable us to say whether he was prepared upon the issues or not.   In his motion for new trial he did not claim to have discovered any new evidence bearing upon the new issues complained of.

"The court overruled this motion and thereupon the contestant under protest filed an amended supplemental statement.   These with the trial amendment of contestant withdrawing certain allegations on his original contest constituted the pleadings.   They are very voluminous, covering about 110 pages of the record.   It is not only impracticable, but we deem it unnecessary to set them out at length in this certificate.   We believe we have fully stated the substance of them in so far as they bear upon the questions propounded.   If our statement of the pleadings is found to be in any respect deficient for the purposes of this certificate we beg to refer the court to the record.

"In view of certain expressions in Calverley v. Shank, 67 S. W. Rep., 436, and Roach v. Mallot, 56 S. W. Rep., 703, we propound the following questions:

"Question No. 1.   Should contestant's motion to strike out contestee's pleadings (or any of them) filed subsequent to the original answer have been sustained in whole or in part?

"Question No. 2.   Did the court err in rendering judgment for contestee on proof of new matter alleged in his last pleading, the contestant having established none of the allegations made in offset to contestee's amendments?

"In response to a rule for cost on the part of appellee, contestant filed an affidavit under the statute applicable to such matters in civil cases setting up his inability to comply with the rule.   Contestee made the point that this form of action could not be maintained on a 'pauper's oath' and moved the court to dismiss on that ground.   The court refused the motion.

"Question No. 3.   Should the motion have been sustained?

"Contestant is the appellant and has executed a good and sufficient appeal bond.

"Question No. 4. If the court erred in the matter involved in the third question, does the presence of the appeal bond covering all cost in the case render the error harmless?"

1. The first question is largely controlled by article 1803, Revised Statutes, as follows:

"In trials of all contests of election the evidence shall be confined to the issues made by the statement and reply thereto, which statement and reply may be amended as in civil cases; and as to the admission and exclusion of evidence, the trial shall be conducted under the rules governing proceedings in civil cases."

The contentions of appellant are, first, that, under the right to amend here given, new matter, that is, new bases or grounds of defense, can not be set up in an amendment of the original reply of the contestee; second, that, if such new matter may be set up, it can be allowed only upon a showing that it is newly discovered and of sufficient excuses for the failure to plead it sooner. These rules have been laid down in decisions cited by counsel for appellant, made in cases which were not governed by such a statute as that now in force in this State. This provision was first introduced in 1895 and is a radical departure from the rule prescribed in the older statutes. In plain terms it allows amendments "as in civil cases." We can not assume that the language was carelessly or ignorantly employed by the Legislature, and, even if we should do so, this would not alter the meaning of the provision, or make it any less the duty of the courts to follow it. At the time of its adoption it was well settled, both by decisions and rules of court, that the right to amend pleadings included the right to set up new matter, new grounds of recovery or of defense, subject to some regulations to be observed by the courts. When the Legislature has made these rules applicable without restriction, in contests of elections, the courts are bound to follow them, whether they are deemed wise regulations of such contests or not. This statutory provision, in connection with the rules established in this State concerning amendments in civil cases, distinguishes this case from all of those relied on by counsel for contestant. We must therefore hold that the fact that an amendment set up new matter was not, of itself, ground for striking it out. The same practice must also determine the second contention of contestants. The rules of practice governing in civil cases do not require that a defendant, setting up such matter, shall first show reasons why it was not sooner urged, but allow the making of such amendments subject to objections to which the facts existing when they are presented properly give rise. An amendment may be offered at such time and under such conditions as to justify the court in refusing leave to file it, or in striking it out, if it has been filed, on objection from the opposite party. Matossy v. Frosh, 9 Texas, 612; Trammell v. Swan, 25 Texas, 500. Circumstances may exist which would make it unjust either to subject

the opposite party to the surprise resulting from an amendment or to force him to a continuance on account of such surprise, and therefore make it proper for the trial court to disallow the amendment. In determining such questions due regard should be paid to the nature of the proceeding and the importance of a speedy trial, but, at last, the rules governing the amendment of pleadings in civil cases are to be applied. What we have said disposes of the questions of law arising upon the facts stated and the first question asked in the certificate. Whether or not the facts of this case made it the duty of the trial court to strike out any of the pleadings of the contestee is for the Court of Civil Appeals to determine from all of the circumstances revealed by the record, which this court is not called upon to examine for such a purpose.

The answer to the second question is necessarily involved in that to the first. Amended pleadings properly before the court constitute the basis for the introduction of evidence and the rendition of judgment.

The third question is answered in the negative. The statute regulating such contests does not in terms require the contestant to give a cost bond, but provides that "bond for cost may be required as in civil cases." Bonds for costs can not be required in civil suits of parties who make the prescribed affidavit.