## W. S. MOORE V. CLAUDE M. MCCALLUM ET AL.

No. 7264.    Decided October 14, 1926.
(287 S. W., 493).

**1.—Primary Election—Contest—District Judge—Proper Court.**

A contest over the result of a primary election for candidate for District Judge is governed by Art. 3152, Rev. Stats., 1925 (a special provision as to primary elections) and not by Art. 3041, par. 2 (contests of election to office). Suit to contest the result of a primary for selection of a candidate for that office as declared by the nominating convention should therefore be in the District Court of the county in which the contestee resides. Seale v. McCallum, 287 S. W., 45. (Pp. 143, 144).

**2.—Judge—Disqualification—Calling Special Term.**

A District Judge who is contesting the result of a primary election for a candidate for that office, against his opponent who had been declared the nominee thereby, was disqualified, being the person bringing such suit and one of the main parties in interest, from calling a special term of his court to try same, though another be appointed to determine it. Such special term was a nullity because of his disqualification. (Pp. 144, 145).

**3.—Same—Mandamus.**

Mandamus will not lie to compel a respondent to do that which he is not authorized to do, nor to proceed when there is no legal duty to do so. Leave is here refused to file a petition therefor which sought to require a judge to proceed to try a contested primary election case when there was no legal term of court at which it could be tried in time to render its judgment effective before the election, such suit being triable only before the court in term time, and not by the judge in vacation. (P. 145).

Original application to the Supreme Court for writ of mandamus. Motion for leave to file petition therefor is here refused.

*Robert H. Hopkins, C. T. Getty,* and *Robert E. Cofer,* for relator.

*W. O. Davis, Sullivan, Speer & Minor, Hopkins & Koons, Eugene A. Wilson, Culp, Culp & Culp, Adams & Jones, Garnett & Garnett,* and *J. Ralph Bell,* for respondent Owsley.

MR. JUSTICE PIERSON delivered the opinion of the court.

Relator, Judge W. S. Moore, Judge of the Sixteenth Judicial District of Texas, and respondent, Honorable Alvin C. Owsley, were opposing candidates in the July primary for the Democratic nomination to the office of District Judge of said Sixteenth Judicial District. The result of said primary election as declared by the executive committee showed a majority in favor of Honorable Alvin C. Owsley of 71 votes, and on the fourth Saturday in August the chairman of the judicial convention for said district certified respondent Honorable Alvin C. Owsley as the Democratic nominee for said office. Judge Moore filed a contest of said election in the District Court of Denton County, the county of the residence of respondent Owsley, and one of the two counties of the Sixteenth District, over which relator Moore was and is District Judge.

The further facts necessary to an understanding of this opinion are as follows: Relator, after filing his said contest in the District Court of Denton County, as Judge of the Sixteenth Judicial District called a special term of the District Court in Denton County. It appears from the pleadings of the relator and respondents herein that the only purpose of the special term of the court was to try this election contest. Judge Moore certified his disqualification to try said case to the Governor of the State, and the Honorable Claude M. McCallum, Judge of the One Hundred and First Judicial District of Dallas County was appointed by the Governor to try said cause in Denton County under the provisions of Art. 3152, Revised Statutes, 1925. Respondent Owsley, contending that said Art. 3152 does not apply to the facts of this case, but that Art. 3041 does, applied to the Honorable F. O. McKenzie, Judge of the Forty-third Judicial District, sitting in Wise County, for an injunction restraining relator from prosecuting this suit in any other county than Wise County, said county being in the adjoining district, the county seat of which is nearest to the county seat of Denton County. On August 18 Judge McKenzie granted a temporary injunction, but on August 23 vacated it as far as it restrained a trial of the case in Denton County. Whereupon respondent Owsley appealed from said order to the Honorable Court of Civil Appeals for the Second Supreme Judicial District of Texas at Fort Worth. That court, in an opinion delivered October 9, 1926, reversed the holding of Judge McKenzie, and held that Art. 3152 does not apply, but that Art. 3041 does, and that the case could be tried only in Wise County, and made permanent its injunction restraining relator and his attorneys from pro-

ceeding with the trial of the contest in the District Court of Denton County.

Art. 3152 reads in part as follows:

"In State, district, county, precinct or municipal offices, the certificate of nomination issued by the president or chairman of the nominating convention, or chairman of the county executive committee, shall be subject to review, upon allegations of fraud or illegality, by the District Court of the county in which the contestee resides, or the judge of said court in vacation; * * * and when said allegations are so filed, or the appeal from the decision of the executive committee is perfected, the judge of the District Court shall set same down for hearing, either in term time or vacation, at the earliest practical time; and a copy of said grounds of contest, together with the notice of the date set for hearing, shall be prepared and issued by the district clerk and be served upon the contestee five days before the hearing before said court or judge, and the parties to said contest shall have the right to summon witnesses."

Art. 3041 reads in part as follows:

"Contested elections for other purposes than the election of officers shall be tried by any District Court of the county where the election was held. Contested elections for the following offices shall be tried:

"1. For district attorney, by any district judge of the district in the county where the candidate receiving the certificate of election shall reside.

"2. For district judge, by the district judge of and in the county of the adjoining district, the county seat of which is nearest to the residence of the candidate receiving the certificate of election, and in counties having two or more district courts, then by the district court of the adjoining district in said county."

The Honorable Court of Civil Appeals held that the last mentioned article controls, and that this case could be tried only in Wise County, and not in Denton County. This holding of the Court of Civil Appeals we think is erroneous. A contest for a nomination for the office of District Judge is governed by Art. 3152, which is a statute making special provision for the trial of a contest growing out of a primary election. Allen Seale v. Claude M. McCallum, decided by this court October 6, 1926, and not yet reported.

However, there is another question which we think clearly controls the case before us, and that is that relator, Judge W. S. Moore, as Judge of the Sixteenth Judicial District of Texas,

did not have the power or authority to call a special term of court in his district in the County of Denton for the purpose of trying the contest filed by himself. Under the authorities, and under the very nature of the case, relator being the party bringing the suit and one of the main parties at interest, he would be disqualified to exercise the judicial power of the court in the matter of calling a special term of court for the purpose of trying the case. 33 Corpus Juris, Sec. 198, p. 1020, and cases cited; also see Reeves v. State, 114 Texas, 296. The order of Judge Moore in calling said special term of court is void.

That part of Art. 3152 which undertakes to empower or authorize the judge of a District Court to try a contested election case in vacation is void. As stated in the syllabus of the case of Ashford v. Goodwin, 103 Texas, 491, this court held that "the amendment to Art. 5, Sec. 8, of the Constitution, conferring jurisdiction over contested elections upon the District Court, does not authorize the exercise of the power conferred by the judge in vacation," and refused to issue a mandamus requiring such court to hear and determine such a case in vacation.

In this case relator Moore seeks a mandamus to compel Judge Claude M. McCallum to proceed with the trial of his contested election case in Denton County. It appears from the pleadings of the parties that there is no regular term of the District Court of Denton County until the first Monday in November, 1926, the day before the general election, and too late for this case to be heard, and it would be fruitless to attempt to have said case tried at said regular term.

The relief sought is by a mandamus to compel Judge McCallum to try the case at a special term of court called under the order of relator, which special term does not exist, because the order calling it is void.

A mandamus will not issue to compel a respondent to do that which he is not authorized to do, nor to proceed where there is no legal duty to do so.

Judge Moore's order calling a special term of court in Denton County for the trial of this contested election case being void, and it affirmatively appearing from the pleadings of the parties that there is no term of court at which said case may be tried before the general election, and it further appearing that relator's petition discloses no failure to perform any legal duty on the part of respondent Judge Claude M. McCallum, it is apparent that relator's petition is inadequate, and therefore the motion for permission to file the petition for mandamus is overruled.