## HODGES v. FORD et al.

No. 845.

Court of Civil Appeals of Texas. Eastland.
Oct. 24, 1930.

Smith & Smith, of Anson, for appellant.
Stinson, Hair & Brooks, of Abilene, and M. V. Brooks, of Roby, for appellees.

HICKMAN, C. J.

Appellant, A. W. Hodges, is district clerk of Fisher county, and was a candidate for re-

nomination to that office at the Democratic primary election of 1930. There were more than two candidates for the office. At the first primary election appellant received more votes than any other candidate, and appellee Mrs. Exa Ford received the next highest number. Neither received a majority of the votes cast. At the second, or run-off, primary held on the fourth Saturday in August, 1930, Mrs. Ford received such majority. Appellant instituted the present suit in the district court for the purpose of obtaining an injunction, enjoining and restraining B. L. Conley, county clerk of Fisher county, from further posting or publishing the name of Mrs. Ford upon the general election ballot to be voted upon on November 4th, and for a writ of mandamus, or mandatory injunction, commanding Roy W. Gwyn, as chairman of the Democratic executive committee of Fisher county, to certify appellant's name as the Democratic nominee for the office of district clerk, and commanding said county clerk to publish appellant's name as the Democratic nominee for said office, and to cause same to be printed upon the official ballot as said nominee. The petition also sought a restraining order against appellee Mrs. Exa Ford, enjoining her from holding herself out and claiming to be the Democratic nominee for the office of district clerk of said county, etc. The substance of appellant's petition was that the county executive committee did not decide, prior to the first primary, that a second, or run-off, primary would be held, as provided in article 3106, R. S. 1925. His contention is that the decision to hold a second primary was made after the first primary was held, and that therefore, under the provisions of said article of the statute, he is the nominee, on account of his having received a plurality of the votes cast at the first election. The trial court overruled all pleas and demurrers, and heard the case on its merits, allowing the parties to introduce all relevant evidence upon the issues, and, after such hearing, resolved the fact issues against appellant and denied him any relief. From that order this appeal is predicated.

We are met at the beginning by a motion of appellees to dismiss the appeal. The motion is predicated upon the provisions of article 3152, R. S. 1925, as amended by the Acts of the Fortieth Legislature (1927), p. 24, c. 19, § 1 (Vernon's Ann. Civ. St. art. 3152). This article provides, among other things, that the certificate of nomination issued by the chairman of the county executive committee shall be subject to review upon allegations of fraud or illegality by the district court of the county in which the contestees reside. The same article provides: "The said court shall determine said contest; and the decision of said court shall be final as to all district, county or precinct offices."

The present action falls clearly within the provisions of this article. The chairman of the county executive committee had furnished the county clerk with an official certificate, certifying that Mrs. Exa Ford was the Democratic nominee for the office of district clerk of Fisher county. Appellant's only effective remedy lies in a review of that certificate for fraud or illegality and the relief sought could be granted only by having it reviewed and set aside. His only right to institute or maintain the suit is based upon the provisions of article 3152, and this very article makes the judgment of the trial court final as to district, county, or precinct offices.

In the case of Seale v. McCallum, 116 Tex. 662, 287 S. W. 45, our Supreme Court, speaking through Chief Justice Cureton, upheld the constitutionality of this provision of the act, and held that the Court of Civil Appeals has no jurisdiction to review the judgment of the district court in a case brought under this article. This decision is conclusive of the matter. The Legislature had the right to withhold from the Courts of Civil Appeals any power to pass upon suits of this character, and it has seen fit to do so. We are therefore without any power to consider the case on its merits, and the motion to dismiss must accordingly be granted.

Appellant's contention is that the suit is one for injunction and not to contest an election, and that therefore the provision of article 3152, making the judgment of the district court final, has no application. This contention is answered by the Supreme Court in Moore v. McCallum, 116 Tex. 142, 287 S. W. 493, 494, wherein this article is construed to be "a statute making special provision for the trial of a contest growing out of a primary election." It is immaterial that appellant sought injunctive relief. By whatever name the action may be labeled, its purpose is to set aside and annul a certificate of nomination for a county office at a party primary election. Unless the certificate is annulled, the name of Mrs. Ford must be printed on the ballot for the general election as the Democratic nominee. The right to challenge the certificate at all is both created and limited by this article. It makes special provisions governing all contests growing out of primary elections, and must control over general statutes relating to election contests.

It may not be improper for us to add that we have read the record in this case, and it reveals that the learned trial judge gave appellant a full and fair hearing on the merits of his case, and, upon sufficient evidence, found that the second primary was decided upon and called at the statutory time and prior to the first primary. Had we the authority to consider this case on its merits, we would not be authorized to overturn this

fact finding and render judgment contrary thereto. To do so is not within the province of Courts of Civil Appeals.

The appeal will be dismissed for want of jurisdiction.