**ROGERS v. SMITH et al.**

No. 3330.

Court of Civil Appeals of Texas. Beaumont.

July 21, 1938.

Rehearing Denied Sept. 20, 1938.

Seale & Thompson, of Nacogdoches, for appellant.

Russell & Edwards, of Nacogdoches, for contestants.

PER CURIAM.

On the 3rd day of April, 1937, an election for one school trustee was held in Eden school district No. 52, Nacogdoches County. In the election 51 votes were cast for appellant, Will Rogers, and 52 votes for appellee, W. D. Smith. By its canvass of the votes made on the 12th day of April, 1937, the commissioners' court of Nacogdoches county declared that appellant received a majority of the votes cast, and declared him the duly elected trustee.

This suit was filed, as a contest of the election, by W. D. Smith, and others, against appellant, praying that W. D. Smith be declared the duly elected trustee. On trial to the court without a jury, judgment was entered declaring the election void, and directing the trustees to order a new election.

In support of its judgment the court found the following fact: "The court finds that none of the ballots cast for W. D. (Dock) Smith or Will Rogers, for school trustee of Eden Common School District No. 52, Nacogdoches County, Texas, were signed by, or had the signature of the presiding judge of said School trustee election on them in any place." This finding supports the judgment. Scherz v. Telfer, Tex.Civ.App., 74 S.W.2d 327. This point was not made by appellee in his original contest, but by an amendment filed by permission of the court. As against appellant's exception to this order of the court, the authorities support the exercise by him of his discretion in permitting the filing of the amendment. Vernon's Revised Civil Statutes, Art. 3047; Coward et al. v. Williams, et al., Tex.Civ. App., 4 S.W.2d 249; Lipscomb v. Perry, 100 Tex. 122, 96 S.W. 1069; Bailey v. Fly, 97 Tex. 425, 79 S.W. 299.

The court also found, on a canvass of the votes, that Smith received 50 votes

and Rogers received 50 votes, and, on that finding, declared the vote a tie between Smith and Rogers. The only point made by appellant against this fact conclusion is that the court erred in refusing to count one vote for him by a party who became 21 years of age before the election, but subsequent to the 1st day of January, 1937; that voter failed to obtain from the tax assessor his exemption certificate, and was not a qualified voter. Art. 2968a, V.A.C.S., Acts 1935, 44 Leg., p. 686, Ch. 292, Sec. 1.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.