**SARTWELLE et al. v. DUNN.**

No. 10554.

Court of Civil Appeals of Texas. San Antonio.

Sept. 30, 1938.

Rehearing Denied Oct. 5, 1938.

James W. Sartwelle and Frank F. Beadle, both of Houston, and Phil B. Foster and Anthony Morales, Jr., both of Del Rio, for appellants.

Morriss & Morriss, of San Antonio, and Wallace & Thurmond, of Del Rio, for appellee.

PER CURIAM.

This is a statutory proceeding brought by Dixie S. Dunn against Mary Jourdan Sartwelle. The parties were the only candidates for the nomination at the general Democratic Primary held on July 23, 1938, for the office of District Clerk of Val Verde County.

According to the returns of such primary Mary Jourdan Sartwelle received 1152 votes and Dixie S. Dunn received 1138 votes. Dixie S. Dunn filed a contest in the District Court of Val Verde County. Dixie S. Dunn being the present incumbent of the office of District Clerk, the court appointed a district clerk pro tem and called a special term of the District Court to hear the contest. After hearing the contest the court found that Dixie S. Dunn received 1116 votes and that Mary Jourdan Sartwelle received 1100 votes, and rendered judgment that Dixie S. Dunn was the Democratic nominee for the office of District Clerk, and entitled to be placed upon the Democratic ticket at the general election to be held in November, 1938. Mary Jourdan Sartwelle perfected an appeal. Dixie S. Dunn moved that the appeal be advanced, which was granted and the appeal was heard in this Court on the 23d day of September, 1938. Briefs were filed September 27, 1938.

It is first contended that the court erred in overruling the challenge made to the votes of Petrosina Contreras, Adelado Garcia, Paula M. Velasquez and Francisca H. Zuniga, who voted for Dixie S. Dunn by what is commonly known as absentee ballots, it being contended that there was not a substantial compliance with Art. 2956, R. C.S.1925, as amended, Vernon's Ann.Civ.St. art. 2956.

In Subdivision 4 of the Statute it is provided that: "At any time not more than twenty (20) days, nor less than three (3) days prior to the date of such an election, such elector who makes written application for a ballot as provided for in Subdivision 2 hereof, shall be entitled to have his ballot cast at such an election on compliance with the following provisions."

The undisputed evidence shows that ballots were taken from the County Clerk's office by a notary, without any request, written or oral, from electors; that said notary, together with a candidate at the same election, not a party to this contest, took the ballots to the challenged electors' residences and each elector expressed a *willingness* to vote; that the notary explained to each, in Spanish, the various persons who were seeking the office of County Judge and District Clerk, and that each elector expressed his or her choice to him in Spanish; that he marked the ballots for the electors and certified to such ballots for said electors; that the ballots were returned by him to the County Clerk, in person and not by mail. It is seen that said electors made no request to the County Clerk for the absentee ballots, and such electors were assisted in making the ballots by the person who was supposed to be acting as an election official so as to destroy the secrecy of the ballot. Provisions are made in the statute for giving assistance to electors who need the same on account of physical infirmities. It is contemplated by the statute that such assistance is to be given by some person other than the one who is acting as an election official. The acts of the notary, as shown by his testimony, indicate that he with another candidate was soliciting votes of such electors rather than answering requests of said electors to cast their ballots under the absentee voting statute. We recognize the general rule that the will of the electors should be respected when expressed at the ballot, but we are of the opinion that an elector exercising the right of suffrage through the medium provided by the absentee voting statute should at least substantially comply with the requirements of such statute. To hold that ballots such as these were cast in substantial compliance with the statute would ignore the plain and express provisions thereof and open the avenues of fraud,

deception and intimidation through absentee voting in the conduct of elections.

We are of the opinion that the trial court erred in refusing to sustain the challenge to these votes.

■ It is next contended that the trial court erred in permitting Dixie S. Dunn, after the expiration of ten days after the canvassing of the returns by the executive committee to challenge fourteen votes which had been cast upon absentee ballots but had not been forwarded by the County Clerk to the election precinct to which they should have been sent, and seven others to which the court sustained the challenge of Dixie S. Dunn.

Art. 3152, as amended, Vernon's Ann. Civ.St. art. 3152, provides that the certificate of nomination shall be subject to review upon allegations of fraud or illegality, provided, that such allegations are filed in said court within ten days after the issuance of said certificate. The trial court upon first impression refused to allow the amendment, but, upon more mature consideration, upon the authority of Bailey v. Fly, 97 Tex. 425, 79 S.W. 299, allowed the amendment and counted the fourteen votes in favor of Dixie S. Dunn.

In the case of Kinnard v. Lee, Tex.Civ. App., 244 S.W. 1046, it was held that after the expiration of the time provided for in the statute that no amendment could be made and that the machinery set up by the statute to contest primary elections was strictly statutory and hence the rules prevailing in civil cases had no application. In the case of Bailey v. Fly, supra, the Supreme Court was considering a statutory contest not of a primary election but of a general election, and the statute under construction in that case provided for amendment as in civil cases. The distinction between the two proceedings is clearly pointed out in the cases of Moore v. McCallum, 116 Tex. 142, 287 S.W. 493, and Seale v. McCallum, 116 Tex. 662, 287 S. W. 45, and Hodges v. Ford, Tex.Civ.App., 32 S.W.2d 276, 277. The applicable statute in this case makes no provision for an amendment and makes the right of contest contingent upon the filing of grounds of contest within ten days. There are other compelling reasons why no amendments should be allowed under the statutes giving right to a contest of a primary election. Under our primary statutes there is not now sufficient time for filing, and an orderly trial and appeal of a lengthy contest. Under such statutes, in order that there may be a final determination of a contest all parties must exercise diligence in the prosecution and final determination, so that the processes of the general election machinery may be set in motion during the early part of October following the general primary. We are of the opinion that under the statute authorizing this proceeding and the decisions cited, the trial court was without power to allow the amendment, which set up new matter of contest, and to give Dixie S. Dunn the benefit of the fourteen votes.

■ It is next contended that the trial court erred in finding that Bert W. Stevenson and India Stevenson, who voted for Mary Jourdan Sartwelle, had not resided in Val Verde County since May, 1934, and thereby sustaining the challenge to the votes cast by them. The evidence shows that Mr. and Mrs. Stevenson lived in Del Rio from 1932 or 1933, until some time in 1937; that at the time of the election he was holding a position with the State Health Department, and had held such position since 1937. Mr. and Mrs. Stevenson did not testify upon this hearing. It is our opinion that the presumption prevailed that Mr. and Mrs. Stevenson were qualified electors, particularly in view of Art. 2958, R.C.S.1925, and that no legal evidence was offered to rebut that presumption. It is our opinion that the court erred in sustaining the challenge made to their votes.

■ It is next insisted that the court erred in holding that Dan Abbey and Margaret Abbey were residents of Val Verde County on the date of the election and legally entitled to vote. It was in evidence that the voters moved away from Del Rio to Houston about two months before July 23, 1938. The evidence shows that while Mr. Abbey was living in Del Rio he was employed by the State Highway Department and resigned that position to work for the Chevrolet Motor Company in Houston. The evidence shows that before the election the Abbeys had written to friends in Del Rio that they were permanently located in Houston. A witness was called in behalf of Dixie S. Dunn and gave the opinion that they would some time come back to Del Rio, but he had no definite idea when they were returning. Under the case of Hill v. Mays, Tex.Civ.App., 278 S.W. 919, 922, we are of the opinion that the court erred in allowing these votes to be counted.

■ It is next contended that the court erred in not sustaining the challenge made to the votes cast by William C. Abby and Elizabeth Abby, who voted for Dixie S. Dunn. The evidence shows that these electors are husband and wife and formerly lived at Del Rio; that the husband was employed there. After he ceased his employment he and his family moved to San Angelo and lived there for two or three years. While in San Angelo the husband was employed by a life insurance company. Mr. and Mrs. Abby were at the time of the election in Hartford, Connecticut, and had been there for some time, and they expect to remain there for some time in the future. He is employed by the same insurance company that employed him while living in San Angelo. He is expected to be returned to Texas in the future. The place in Texas to which he will be returned is not now known. It is the opinion of the Court, under the case of Stratton v. Hall, Tex. Civ.App., 90 S.W.2d 856, and the Hill Case, supra, the undisputed evidence shows that the electors were not residents of Val Verde County on the date of the election and the challenge to their votes should be sustained.

It is next contended that the trial court erred in the refusal to sustain a challenge to the vote of Julia Jiminez who voted for Dixie S. Dunn. The evidence shows without dispute that Julia Jiminez voted in Precinct No. 1, in Val Verde County, and on election day and approximately for a year prior thereto was living upon a ranch not in Val Verde County. One of the witnesses testified that the elector Julia Jiminez was his daughter and was the wife of Victor Jiminez and that they were living on Ed May's ranch and such ranch was situated in Kinney County. It is believed that the trial court after hearing a mass of evidence simply overlooked the fact that the witness had testified that Ed May's ranch was situated in Kinney County. The appellant's challenge must be sustained.

It is next contended that the trial court erred in refusing to sustain the challenge to the vote of Tom S. Stewart, who voted for Dixie S. Dunn. Tom S. Stewart testified that from 1914 to 1926 he was in the train service of the Southern Pacific Railroad, and from 1926 he was trainmaster with headquarters at Del Rio, and during such period lived in the house with his mother, and that from 1933 to 1934 he was terminal trainmaster in Galveston; and from 1934 to 1936 he was trainmaster at Austin; and from 1936 until June 1, 1938, he was trainmaster with headquarters in El Paso; and that since June 1, 1938, he had been supervisor of wages with headquarters at Houston. He married July 10, 1938, and after his marriage he and his wife lived in El Paso in quarters furnished by the railroad company, at 414 North Campbell Street; and when he was transferred to Houston, his wife went with him and they were living at 1203 LaRue Street, in Houston, Texas, at the time of the trial, to which city they had shipped their furniture and automobile.

We are of the opinion that the undisputed proof shows that Mr. Stewart was not a resident of Val Verde County on the date of the election and was therefore not entitled to vote.

Mary Jourdan Sartwelle presents other assignments which we believe to be meritorious and Dixie S. Dunn cross-assigns error to the action of the court with reference to one vote. As our preceding holdings give Mary Jourdan Sartwelle the majority of the votes cast at the election, it becomes unnecessary to discuss other assignments of Mary Jourdan Sartwelle and the cross-assignment of Dixie S. Dunn. The Court observes that Mary Jourdan Sartwelle contends that there is fundamental error in these proceedings in that it is not alleged nor proved any compliance with Art. 3130, R.C.S.1925. That Article provides as follows, to-wit:

"Art. 3130. Objections to nomination.

"All objections to the regularity or validity of the nomination of any person, whose name appears in said list, shall be made within five days after such printing or posting, by a written notice filed with the county clerk, setting forth the grounds of objections. In case no such objection is filed within the time prescribed, the regularity or validity of the nomination of no person whose name is so printed or posted, shall be thereafter contested."

■ The time for determination of this controversy to avoid it becoming moot being so short, we have not had sufficient time to give deliberate judgment upon this contention, and make no decision thereon. Mary Jourdan Sartwelle also contends that the trial court and this Court have not given the time allowed by law for perfecting the record in the trial court and bringing the record here, as well as time to

134

brief this controversy. She cites statutes and decisions governing ordinary civil cases. It is a sufficient answer to say that this is not a civil case and those statutes and decisions have no application here.

The Court is of the opinion that the trial court allowed sufficient time for the preparation of the record there, and we have endeavored to allow a sufficient time for the presentment of briefs and oral argument of the controversy here.

It follows from our holdings herein that the judgment entered by the trial court must be reversed and here rendered that Mary Jourdan Sartwelle having received the majority of the votes cast for the nomination for the office of District Clerk of Val Verde County, Texas, she is the nominee for that office.

It is the order of this Court that the County Clerk of Val Verde County will cause her name to be published or posted as such nominee, and that the election board in and for Val Verde County, Texas, will cause her name to be printed upon the official ballot as such nominee for such office. The costs will be adjudged against Dixie S. Dunn.

A motion for rehearing will not be entertained unless filed previous to 2 p. m. Monday, October 3d, 1938.

All Justices concur in this opinion.