**SCRUGGS v. PERKINS.**

No. 12218.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 11, 1950.

Rehearing Denied Oct. 14, 1950.

Gerald Weatherly, Luther E. Jones, Jr., Corpus Christi, Lloyd & Lloyd, Alice, Allen

Wood, Corpus Christi, Alaniz & Norris, Werner A. Gohmert, Hector S. Lopez, and E. G. Lloyd, Jr., all of Alice, for appellant.

Warren & Groce, Corpus Christi, Perkins, Floyd & Davis, and Mullen & Mullen, all of Alice, for appellee.

PER CURIAM.

This is a contest of a run-off Democratic Primary Election held on August 26, 1950, in Precinct No. 1 of Jim Wells County, Texas, for the purpose, among other things, of nominating a candidate for the office of County Commissioner of Precinct No. 1 of Jim Wells County. Dan J. Scruggs and W. R. (Buster) Perkins were opposing candidates for the Democratic Nomination for such office. According to the official canvass of the votes, Scruggs received 2,598 votes and Perkins 2,670 votes, Perkins being declared the nominee by a majority of seventy-two votes. Dan J. Scruggs filed this contest in the office of the District Clerk of Jim Wells County on September 8, 1950, proper notice was served upon Perkins, and on the same day the District Judge made an order setting the contest for trial at 10:00 a. m. September 14, 1950. Under the provisions of Article 3130, Vernon's Ann.Civ.Stats., contestee, Perkins, was required to file his answer within five days after the service on him of such notice, or not later than September 13, 1950. Contestee delivered his original answer to the District Clerk of Jim Wells County, at her home, at 8:30 p. m., September 13, 1950, at which time she placed her file mark upon the answer and brought it to the clerk's office the following morning, September 14, 1950, a few minutes after 8:00 o'clock a. m.

At 10:00 a. m. September 14, 1950, the case was called for trial. Contestant, before announcing ready for trial, moved to strike the answer of contestee because allegedly it was not filed in the office of the county clerk within five days after he was served with notice. The trial court after hearing evidence overruled this motion. This action of the trial court is assigned as error.

We overrule this point because there is no requirement of the statute, Article 3130, Vernon's Ann.Civ.Stats., that contestee's answer be filed in the office of the district clerk. Said Article 3130 provides in part as follows: " * * * The contestee shall file his answer within five (5) days from the filing of such suit, but either party, or both, shall have the right to amend before announcing ready for trial and set up additional causes of action or matters of defense, as the case may be. Any further changes in the pleadings shall be within the sound discretion of the Court. In the trial of such cause, the trial judge shall have wide discretion as to the matters of pleading, procedure and admissibility of evidence, the purpose of this article being to subserve the ends of justice, rather than strict compliance with technical rules of pleading, procedure, and evidence."

Under this statute, contestee had five full days to answer, that is, up until midnight of September 13, 1950. Apparently the answer was not completed until after office hours, and contestee had no other way of filing it than to place it in the hands of the district clerk at her home. It is our opinion that the provisions of Article 3130, as they now read, were intended to give the trial judge broad discretion with reference to the matter here raised and to provide further that in passing upon such matters he will not require strict compliance with technical rules where it will better meet the ends of justice. Hanover Fire Ins. Co. v. Shrader, 89 Tex. 35, 33 S.W. 112; Lessing v. Gilbert, 8 Tex.Civ.App. 174, 27 S.W. 751; 14 C.J.S., Clerk of Courts, § 45, p. 1249.

Contestant cites the case of Sartwelle v. Dunn, Tex.Civ.App., 120 S.W.2d 130, as authority for the contention that the rules with reference to filing pleadings should be strictly construed. Since that opinion was written, Article 3130 has been amended, as above pointed out, and under its provisions we are of the opinion that the trial judge very properly refused to strike contestee's answer. Loudermilk v. Wilson, Tex.Civ.App., 214 S.W.2d 172.

Contestant's next contention is that the court erred in not declaring the run-off Democratic Primary, held on August 26,

1950, insofar as it affected contestant and contestee herein, to be void and that he should have declared the certificate of nomination of contestee to be null and void and should have declared that there was no Democratic nominee for the office of County Commissioner of Precinct No. 1 of Jim Wells County, Texas.

Contestant bases this contention largely upon the proposition that there were many irregularities in connection with absentee voting at this primary. The evidence shows that contestant was able to successfully challenge 97 illegal votes, 82 of which were shown to have been received by contestee. It further shows that contestee in his answer had challenged some 500 votes alleged to be cast for contestant as being illegal and void, and was prepared to offer evidence attempting to sustain these 500 challenges. After contestant had introduced his evidence he made the following admissions:

"Because we are constrained by the law to see that this case is finished in time to allow an appeal to be determined by October 17, and only for this reason, we make the following statement:

"Subject to contestant's motion to strike out answer, and without waiving it in any respect;

"Subject also to, and without waiving, contestant's motion that the election be adjudged void;

"Subject also to, and without waiving, contestant's right to open the proper ballot and stub boxes and introduce in evidence the ballots and stubs themselves;

"And subject also to contestee's right to rebut the evidence which has been introduced,—

"Contestant formally admits the truth and validity of such number of contestee's affirmative challenges, contained in contestee's pleadings, as will be sufficient to entitle contestee to judgment in this contest.

"Having made this announcement, the contestant rests."

Subject to his motions, the effect of this admission by contestant was to allow contestee some 500 successful challenges (if needed) against the votes he, Scruggs, received.

After this admission the trial court rendered judgment in favor of contestee and against contestant and it is from this judgment that Dan J. Scruggs, as appellant, has prosecuted this appeal.

Contestant contends that the trial court erred in not declaring the entire election void, because of certain irregularities shown to have taken place in connection with absentee voting. There were about 450 absentee votes polled in Precinct No. 1, while there were only 5,268 votes polled in the entire precinct in this race. The evidence shows that there were many irregularities with reference to absentee voting. There were a number of people engaged in hauling voters to the County Clerk's office to enable them to cast absentee votes. The Clerk's office was kept open after hours to permit this absentee voting. The County Clerk's office on the last night of absentee voting was kept open until midnight. The Spanish language was used in talking to absentee voters who came to the County Clerk's office, and many of them who were not entitled under the law to receive assistance in making out their ballots were given assistance, and in doing so the Spanish language was used. Many voters were permitted to vote absentee who had no intention of being absent from the county on election day. When a voter appeared to vote absentee, if he did not have his poll tax receipt with him, he was furnished with what was called a duplicate poll tax receipt. The absentee voters were not properly sworn to the affidavits required of them by law, but were simply told to sign such affidavits. Upon a few occasions envelopes containing absentee ballots were opened by the District Clerk and the ballots exhibited to the voter to refute the charge that such ballots had been changed. The stubs for eleven ballots could not be found and 156 stubs were unsigned. These and perhaps other irregularities were shown by the evidence. The District Clerk, C. H. Holmgreen, was shown to have been a partisan who was strongly supporting contestee, Perkins. The evidence does not show how these ab-

sentee voters cast their ballots, and we may presume that some of them voted for contestant and some for contestee. The trial judge, after hearing all of this testimony, declined to declare the election void and rendered judgment declaring contestee to be the nominee of the party for the office of County Commissioner.

At the outset, we have serious doubts if the trial court in the first instance and this Court on appeal have jurisdiction to declare a primary election entirely void, and especially is this true where there is insufficient time for the holding of a new election. Art. 3130 and Art. 3148, Vernon's Ann.Civ.Stats., as amended; Moore v. McCallum, 116 Tex. 142, 287 S.W. 493; Nesbitt v. Coburn, Tex.Civ.App., 143 S.W. 2d 229; Sartwelle v. Dunn, Tex.Civ.App., 120 S.W.2d 130.

The rule is otherwise as to some elections. See Art. 3054, Vernon's Ann. Civ.Stats. However, this article does not apply to primary elections. Nesbitt v. Coburn, supra.

Further, it is apparent that the complaints of contestant presented in his brief relate primarily to absentee voting, yet the motions filed below and overruled by the trial court are not restricted to a demand that absentee votes not be counted, but pray that the entire primary election, insofar as the commissioner's race is concerned, be nullified. Contestant asserts here that it conclusively appears that the election was void and for that reason contestant's motion should have been sustained and contestee deprived of his certificate of nomination. We have examined the evidence referred to in contestant's brief as supporting his position and are of the opinion that the same, in view of contestant's admission, is insufficient to show that the final result of the election would have been affected by such irregularities as occurred, and, consequently, under the well-recognized rules of law, the holding of the trial court can not be disturbed. Commercial Standard Ins. Co. v. Davis, 134 Tex. 487, 137 S.W.2d 1; Wilburn v. Galloway, Tex.Civ.App., 179 S.W.2d 540;

Sewell v. Chambers, Tex.Civ.App., 209 S.W.2d 363.

Accordingly, the judgment of the trial court is affirmed. Due to the shortness of time before absentee voting will begin, no motion for a rehearing will be considered unless filed within two days.