## HOWARD v. DANIEL et al.
### No. 13204.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 12, 1934.

Rehearing Denied Nov. 23, 1934.

B. D. Sartin, of Wichita Falls, for appellant.

W. E. Fitzgerald, J. B. Hatchitt, and Tarlton Morrow, all of Wichita Falls, for appellees.

POWER, Justice.

Dean Howard, relator, instituted this proceeding against Roy J. Daniel, county chairman of the Democratic executive committee, Wichita county, Tex., and R. V. Gwinn, contestee, and sought to enjoin the county clerk from placing the name of R. V. Gwinn on the official ballot for the general election in November, on August 6, 1934, and filed his amended petition August 7, 1934, and filed his second amended petition on September 4, 1934. Relator sought to have judgment compelling Roy J. Daniel to certify his name for the nomination of justice of the peace, precinct 1, place 1, Wichita county, Tex., and sought in the alternative to contest the election. Judgment was rendered against relator, and he appeals.

The first part of his pleading sought a writ of mandamus against Roy J. Daniel as chairman of the Democratic executive committee, as provided for under General Laws of the 41st Legislature, 4th Called Sess. p. 4, c. 4 (Vernon's Ann. Civ. St. art. 1735a), as follows: "The Supreme Court, or any Court of Civil Appeals, shall have power, or authority, or jurisdiction, to issue the Writ of Mandamus, or any other mandatory or compulsory Writ or Process, against any Chairman or member of any Executive Committee, or primary committee, or primary election officer, of any political party, to compel the performance, in accordance with the laws of this State, of any duty imposed upon them, respectively, by law. * * *"

In the alternative relator's pleadings show a direct contest of election in the district court, as provided by article 3152, Rev. St. 1925, as amended by Acts of the 42d Legislature, p. 395, c. 241 (Vernon's Ann. Civ. St. art. 3152).

Upon trial, the relator sought to introduce, and did introduce, evidence in his proceeding under article 3152, as amended. These proceedings are separate and distinct, the first a civil case, and the second a statutory contest of election neither civil nor criminal, and it is the opinion of this court that, when he sought trial on his contest of election, he abandoned his application for writ of mandamus, and that the court has now before it only his proceeding for a contest of election, as provided for in article 3152, as amended.

No brief or assignments of error were filed by relator. From the record, however, as filed, an issue is raised as to the vote in precinct No. 2. From the record it appears that the trial court heard evidence as to the vote cast in this box and legally within his discretion recounted the vote. No error is shown in the action of the court with reference to this box.

The court heard evidence as to the vote cast in precinct No. 6, based on the allegations

of relator's petition, and, exercising his discretion, refused to reopen the box. No error is shown in the action of the court as to this box.

■ It appears from the record that plaintiff's allegations as to the irregularities in box No. 13 were filed more than ten days after the issuance of the certificate of election by the chairman of the executive committee. Article 3152, as amended, provides in effect that allegations as to irregularities shall be filed not more than ten days after the certificate is issued. An exception to this portion of relator's petition was properly sustained by the court.

As to the vote in box No. 5, the relator pleads as follows: "That various and sundry errors were made in counting the votes cast at Box No. 5, Wichita County, Courthouse box, towit: more than 15 votes were counted for the contestee that were not in fact so voted for said contestee and that these ballots on which neither name of said candidates for said nomination of said justice of the peace was struck out and that the voter had not in fact voted for either candidate, were actually voted by said clerk for the contestee, R. V. Gwinn; that a correct count of the ballots voted at this box would change the result of this election and would have given the contestant a majority of the votes cast in said election."

To this pleading the contestee leveled an exception as follows: "Specially excepting to section 2 under paragraph 5, Contestee says that there are no averments of fraud or illegality except conclusions of the pleader and that no acts in violation of law or in fraud of the rights of the contestant are alleged, and the averments are too general and are not of such nature or character as would authorize the court or give jurisdiction, to go into Box No. 5 and recount the ballots to ascertain who received the greatest number of votes, and there is no sufficient averment in said paragraph that would authorize the court to go beyond the certificate of the presiding officers who held said election."

■ The court sustained this exception. It is the judgment of this court that the trial court erred in sustaining the exception. It is declared by relator in effect that there were fifteen tickets in this box that were not scratched as to this particular office, and that, notwithstanding both names were left on these particular ballots and this situation constitutes no vote for either candidate, the election officer counted the ballots as having

been voted for Gwinn. This allegation declares such wrongful conduct as requires that, if evidence is offered of sufficient probative force, the trial court may be warranted within his discretion in opening and recounting the vote in this box. In fact, such evidence could be of such force and effect it would be an abuse of discretion for the court to refuse to reopen the box and recount the ballots; however, a trial court has wide discretion in such matters.

For the reasons indicated, this cause is reversed and remanded for proceedings as indicated herein.