**Bob LUNSFORD, Relator,**

v.

**Billy B. GOLDBERG et al., Respondents.**

**No. 16617.**

Court of Civil Appeals of Texas, San Antonio.

July 28, 1980.

Howard C. Berger, Floresville, R. E. Lopez, Alice, for relator.

David Bolduc, Donald W. Ray, Ray, Wood & Henderson, Austin, for respondents.

OPINION

MURRAY, Justice.

This action was instituted as an original proceeding on July 24, 1980, by Bob Lunsford seeking the issuance of a writ of mandamus ordering the respondent, Billy B. Goldberg, as Chairman of the Texas State Democratic Executive Committee, to conduct a recount of all of the ballots cast in

the Democratic Party Second Primary election for the office of State Representative, 47th Representative District, in accordance with Article 9.38a, Texas Election Code. The official returns of the June 7, 1980, Democratic Party Second Primary election reveal that Joe Moron was the winner by less than five percent of the votes over the relator. Mr. Moran received 4,316 votes to the relator's 4,186 votes.

The relator's application for a recount, filed on June 19, 1980, was in compliance with the requirements of Article 9.38a, Texas Election Code. Although respondents agree that the application for a recount was made in the manner and the time provided by law, they contend that the writ should be denied because 1) the relator has an adequate remedy at law; and 2) the relator has abandoned his application for a writ of mandamus by filing an election contest pursuant to Article 13.30, Texas Election Code.

■ Article 13.30 of the Texas Election Code provides that in an election contest the trial court "may" order a recount of all or part of the ballots cast in the election, provided a charge of fraud or illegality is supported by some evidence, and "the ends of justice seem to require it . . . ." Tex.Elec.Code Ann. art. 13.30(10) (Vernon 1967). On the other hand, once a candidate seeking a recount pursuant to Article 9.38a has complied with all of the requirements thereunder, he is entitled to a recount as a matter of right. *See* Tex.Elec.Code Ann. art. 9.38a(7) (Vernon Supp.1980). We disagree with the respondents that Article 13.30 authorizing the trial court to order a partial or total recount under certain circumstances is an adequate and effective alternative remedy to the relator's absolute right to a recount of all the ballots cast pursuant to Article 9.38a.

■ We also reject the contention that the relator abandoned his application for a writ of mandamus by filing an election contest subsequent to his request for a recount. Article 13.30 provides that a candidate who wishes to contest the result of a primary election must file suit "within ten days from the date of the canvass of the

results . . . ." The canvass of the runoff election was held on June 19, 1980. Eight days later, on June 27, 1980, the relator filed an election contest in the 218th Judicial District Court of Atascosa County, Texas. At the time the election contest was filed the relator had received no reply from the Texas State Democratic Executive Committee concerning his request for a recount.

In *Crittenden v. Cox*, 513 S.W.2d 241 (Tex.Civ.App.–Eastland 1974, no writ), the court of civil appeals held that the language "ten days from the date of the canvass of the results" allowed the filing of an election contest up to ten days after the canvass of the recount. Assuming, without deciding, that this construction of Article 13.30 is correct, the relator's election contest was filed prematurely. The *Crittenden* decision notwithstanding, it is clear that the relator filed suit on June 27, 1980, as a precautionary measure to preserve his right to contest the results of the runoff election. Under these circumstances we cannot conclude that the filing of the election contest constituted an abandonment of the relator's right to a recount.

The writ of mandamus is granted. No motion for rehearing will be entertained.

KLINGEMAN, Justice, dissenting.

I dissent. I would not grant the mandamus.

In my opinion the mandamus should not be granted for the following reasons:

(1) Relator has a plain, adequate and effective remedy at law and is presently pursuing such remedy. An election contest was filed by relator in the district court on or about June 27, 1980, and is set for trial on the merits on Monday, July 28, 1980, approximately three days from now. In the election contest relator requested that the district court conduct a recount of the ballots in the race in question. Under Article 13.30(10) of the Texas Election Code, the district court has ample power to provide the relief sought here and can do it much more expeditiously than this court can.

Any recount ordered by this court under the writ of mandamus would be slow and cumbersome since there are seven counties involved and there are estimates that the recount would take from two to three weeks.

(2) After the filing of the election contest by the relator in the district court, the district court, and not the State Democratic Executive Committee, had jurisdiction to grant the relief sought by relator. *See Howard v. Daniel*, 76 S.W.2d 141 (Tex.Civ. App.–Fort Worth 1934, no writ), where the court held that a petition for a writ of mandamus to enjoin the county clerk from placing the name of a nominee on the official ballot for general election was abandoned when petitioner sought trial on his election contest.

(3) The relief sought by relator here in his petition for writ of mandamus would not be binding in the election contest. See Tex.Elec.Code Ann. art. 9.38a subsection 12 (Vernon Supp.1980).

(4) A person seeking a writ of mandamus should exercise due diligence in the pursuit thereof. Here relator filed his application to have a recount with respondents on June 19, 1980. He thereafter brought an election contest but did not see fit to file his application for writ of mandamus with this court until July 24, 1980, more than a month later and less than a week before the date set for trial of the election contest. It has already been pointed out that the recount sought through the proceeding before us would take a considerable portion of time and could be handled much more quickly and effectively in the election contest. Moreover, a mandamus is an extraordinary remedy governed by equitable principles and should not be used for discovery procedure or as a fishing expedition to obtain possible evidence in the election contest, if this is being done. The interests of justice will not best be served by a proceeding which will result in undue delay.

Under the record this court should not grant the mandamus.